# SUPREME COURT.

## WILLIAM DAVIS agt. HENRY R. DUNHAM and others.

It is now well settled, that a party desirous of having a *discovery of books, papers*, &c., relating to the merits of a suit, may conform his proceedings to the provisions of the *Revised Statutes*, (2 *R. S.* 199,) or of the *Code*, (§ 388,) according to his own taste. (*See* 1 *Kern.* 575.)

But, in either case, the party who asks for the order must show, to the satisfaction of the court or officer, that the books or papers which he seeks to have produced *contain evidence relating to the merits of the action.* And the 9th rule requires that the *facts and circumstances* upon which the discovery is claimed should be set forth in the petition.

The statement of these facts and circumstances must be sufficient to satisfy the court or officer that there is reason to believe that the books, &c., which the party seeks to obtain, *do, in fact,* contain material evidence.

*Albany General Term, Dec.,* 1855.

WRIGHT, HARRIS *and* WATSON, *Justices.*

DISCOVERY of books, &c.

The plaintiff, upon notice to the defendants' attorneys, presented to one of the justices of this court, at chambers, a petition, stating that this action had been brought upon a promissory note made by Greene & Mather, as the agents of the defendants, who were the proprietors of the Albany and New-York line of freight barges, of which note the plaintiff was the indorsee; that the cause was at issue upon an answer of the defendants, denying the allegations of the complaint, that "cer-

tain books and paper writings, to wit, the bill-book, or books, ledgers, and day and cash book, or books of the said line, for the years 1845, 1846, 1847, 1850, 1851, 1852, 1853 and 1854, and also the articles of association of said line, are in the custody, or under the control of the defendants, and that a discovery and production of the books and paper writings are material to enable the plaintiff to sustain his complaint on the trial of the issue, and to prepare for the trial, as the petitioner was advised by counsel and believed.

It was further stated that the books and writings were not in the custody or control of the plaintiff. The plaintiff thereupon asked for an order, pursuant to the statute in such case made and provided, and the rules of the court, requiring the defendants to produce and discover the books and paper writings mentioned in the petition, so as to enable the petitioner to use the same in preparing for the trial. The petition was verified by the affidavit of the plaintiff.

Upon the hearing of the application, the justice made an order requiring the defendants to produce and deposit, at the office of their counsel in the city of Albany, at a time therein specified, "the bill-books, ledgers, day and cash books of the Albany and New-York line of freight barges for the years 1845, 1846, 1847, 1853 and 1854, also the articles of association of said line, and that the said books and paper writings, on being so produced and deposited, remain with the said counsel for the space of ten days, and that said plaintiff, during the said ten days, have leave to inspect the same. From this order the defendants appealed to the general term.

JOHN K. PORTER, *for plaintiff.*
S. O. SHEPARD, *for defendants.*

By the court—HARRIS, Justice.   I have no doubt that it was the intention of the framers of the Code, and the legislature who adopted their work, to construct a new and complete system of proceedings, from the commencement to the end of an action, and that, with a view to the discovery of books, papers,

Davis agt. Dunham and others.

and documents, containing evidence relating to the merits of the action, in all proper cases, the provisions on the subject in the 388th section were adopted. These provisions are adequate to every conceivable case in which such a discovery would be proper.

While thus adequately providing for every case of this description which should arise in the progress of an action, it is not to be supposed that it was intended, at the same time, to leave in force another and different mode of proceeding to accomplish the same purpose, allowing the litigant to adopt either at his option. A single and uniform mode of proceeding in all cases was an avowed and controlling object in the adoption of the Code.

And yet, it seems, that the framers of the Code and the legis-, lature have, in respect to the discovery of books, papers, and documents, failed to secure this end. It is now settled by the adjudication of the court of appeals, that a party who needs such a discovery has two concurrent remedies to which he may resort. He may make his application in the manner prescribed by the Revised Statutes, (2 *R. S.* 199,) or he may proceed under the 388th section of the Code. (*See Gould* agt. *M'Carty,* 1 *Kernan,* 575,) Indeed, that court has gone further, and contrary to the invariable practice and understanding of the court and the legal profession ever since the Revised Statutes were enacted, decided that, though the legislature had imposed upon the supreme court the duty of prescribing, by general rules, the cases in which a discovery might be compelled, and although this has been done, yet the court itself is not bound by these rules, but may compel a discovery in other cases than those prescribed. It is, therefore, no longer to be doubted, that a party, desirous of having a discovery of books, &c., relating to the merits of a suit, may conform his proceedings to the provisions of the Revised Statutes, or of the Code, according to his own taste. They are but different modes of proceeding to attain the same end, and adapted to the same cases. The ground of the application, under either mode of proceeding, is, that the party from whom the discovery is sought has, in his

possession, or power, books, papers and documents, containing
evidence relating to the merits of the suit, or the defence therein.
(2 *R. S.* 199, § 21; *Code*, § 388.) In either case, the party
who asks for the order must show, to the satisfaction of the
court or officer, that the books or papers which he seeks to
have produced *contain evidence* relating to the merits of the suit;
with a view to this, the 9th rule of the court requires that the
facts and circumstances upon which the discovery is claimed
should be set forth in the petition.

In this case the petition states that the action is brought upon
a note made by the defendants, through their authorized agents,
on the 27th of October, 1854, and that the defence interposed
by the defendants is a general denial. No other facts or cir-
cumstances are stated to support the general allegation that all
the bill-books, day-books, cash-books and ledgers in which the
transactions and business of the defendants, however extensive
and varied such transactions and business may have been, are
material to enable the plaintiff to prepare for trial and to sus-
tain his complaint.

The plaintiff has not himself ventured to assert that any one
of all these books contains any evidence relating to the merits
of his action. The application seems like an adventure upon
which the plaintiff has entered, not so much for the purpose of
obtaining any evidence of which he has any knowledge or in-
formation, as to obtain an opportunity of examining the defend-
ants' books, with the hope of discovering something there,
which may prove advantageous to him, either in this suit or
some other matter. Such an experiment is not within the ob-
ject of the legislature in making provision for the production
and discovery of books, papers and documents.

"A party has no right," says Mr. Justice Bosworth, in
*Hoyt* agt. *The American Exchange Bank*, (1 *Duer*, 652,) "to
have a general inquisitorial examination of all the books, pa-
pers and documents of his adversary, with a view to ascertain
if perchance something cannot be found which will possibly
aid him."

So, in *Brevoort* agt. *Warner*, (8 *How.* 321,) it was said by

Hand, Justice, that "neither at law nor in equity has a party a right to make a general search and examination for evidence among the private books and papers of his adversary. Such an order might lead to great abuses, and be a judicial sanction to a dangerous, vexatious and impertinent meddling with the private business and affairs of another."

Having myself made the order in question, I am the less unwilling to say that I think it was granted without sufficient consideration. The plaintiff has not, in his petition, even stated that he believes the books, &c., which he asks to have produced, contain "evidence relating to the merits of the action." Whether the proceeding is instituted under the Revised Statutes or under the Code, this allegation is indispensable. And not only this, but the facts and circumstances must be stated, sufficient to satisfy the court or officer to whom the application is made, that there is reason to believe that the books, &c., which the party seeks to obtain, do, in fact, contain material evidence.

I am of opinion, therefore, that the order should be reversed.