### HARDING *v.* FIELD.

*(Supreme Court, General Term, First Department.  May 13, 1892.)*

1. DISCOVERY—PRODUCTION OF DOCUMENTS—PRINCIPAL AND AGENT—COPIES OF LOST LETTERS.

In an action by an administrator to recover money claimed to be due his decedent, where it appears that the fund partly arose from transactions by the decedent as agent of defendant, and defendant sets up a counterclaim arising out of the same transactions, defendant is entitled to an order directing plaintiff to allow him to inspect all books and papers relating to the agency, and in plaintiff's possession.

2. SAME.

In such case the principal is entitled to the production of letters or accounts sent to him by the agent, and in the hands of the agent's administrator, since they are within the meaning of Code, § 803, authorizing a court to compel a party to an action to produce and discover a book, document, or other paper in his possession or under his control, relating to the merits of the action; or he is entitled to the production of copies thereof in the administrator's possession, where the originals have been lost by himself after being sent to him by the agent.

Appeal from special term, New York county.

Action by William A. Harding, as administrator of Medad W. Stone, deceased, originally brought against Philip J. Goodhart & Co., to recover a sum

realized by defendants from a sale of certain securities placed in their hands by said decedent.   By consent Walter H. Field was substituted as defendant, and answered.   The answer alleged that decedent was the agent of defendant for the purpose of buying and selling securities, and that some of the securities placed in the hands of said Goodhart & Co. by decedent belonged to defendent, and were by him delivered to decedent, to be managed by him as defendant's agent; and that the money realized by Goodhart & Co. was realized partly from the sale of such securities.   The answer also set up a counterclaim arising out of the transactions between defendant and the decedent as principal and agent.   Defendant filed a petition for an order to compel plaintiff to allow him to inspect the books, accounts, letter copy books, and other documents of the decedent.   The order was granted, and plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Kenneson, Crain & Alling,* (*Thaddeus D. Kenneson,* of counsel,) for appellant.   *Howard R. Bayne,* for respondent.

PER CURIAM.   The counterclaim set up in the answer is based upon an allegation that the plaintiff's intestate was the agent of the defendant in the transactions therein specified, and out of which the money in dispute is claimed to have been realized.   Assuming that these relations existed, it is well settled that the agent should make full disclosure to his principal of all the facts within his knowledge, and allow an inspection of all books and papers relating to the agency, and upon a failure to do so the court would require him to make such a discovery.   "The right of a principal to a discovery of the books and vouchers of his agent seems to rest on different and stronger grounds than the right of a party to an inspection of the books of an adversary.   *Manley* v. *Bonnell,* 11 Abb. N. C. 123."   Copies of letters or accounts, sent by an agent to his principal, which are in the hands of the agent, are within the provisions of section 803 of the Code, which authorizes a court to compel a party to an action to produce and discover a book, document, or other paper in his possession or under his control, relating to the merits of the action; and whether the document or other paper is an original, and of itself evidence, or a copy, and so competent as secondary evidence, is not material.   It is in either case a document or other paper which is in his possession, and, when the original is proved to have been lost, is competent evidence, and relates to the merits of the action.   We think, under the circumstances detailed in the papers upon which this motion was made, that the court was justified in compelling a discovery of the papers specified, the original letters sent by the plaintiff's intestate to the defendant having been lost or destroyed; and copies of those letters in the hands of the plaintiff, as the administrator of the agent, are necessary to be offered as secondary evidence, the originals of which have been lost; and the fact that the defendant is unable to remember the exact date or the exact contents of letters, only shows that the production of the copies in the hands of the administrator is necessary to enable the defendant to prove his defense or counterclaim; and the same may be said as to the accounts which have been rendered by the agent to his principal.   The letters sent by the defendant to Stone, being the original letters, are the best and only evidence of the contents; and the checks and stubs thereof, a discovery of which is ordered, will be material evidence upon the trial of the issue to show the actual transactions involved.   Under all the circumstances, we think the court below was justified in ordering the discovery, and the order appealed from should be affirmed, with costs.