own name and sold the lead. In regard to this particular shipment the evidence justifies the conclusion that Nathan Corwith & Co. authorized this very disposition to be made of this lead. None of the appellants established any legal or equitable claim to the property. None of the rulings of the learned trial judge upon the admission or exclusion of evidence are challenged, and no question was argued at the bar of this court or upon the briefs of counsel, except this single question of fact which was well decided. The judgment should be affirmed, with costs. Present— Van Brunt, P. J., Follett and Parker, JJ.

Alpheus P. Ralph, Appellant, v. The Industrial Manufacturing Company, Respondent,— Order reversed, with ten dollars costs and disbursements, and with leave to renew motion. No opinion.

The Bank of British North America, Respondent, v. William L. Boyle, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted upon payment of costs and disbursements of action subsequent to answer. No opinion.

Thomas J. Churchill, Appellant, v. Frederick Loeser and Others, Respondents — Order reversed and application granted, with ten dollars costs and disbursements.—

PER CURIAM: The reasons governing applications of this kind are fully stated in the opinions of the Special Term and of this General Term in *Veiller* v. *Oppenheim* (75 Hun, 22). Upon that authority, assuming the application to be made in good faith, it should have been granted. It is not seriously claimed that the papers used on the motion disclose any evidence of bad faith. It is true that accounts were rendered by the defendants to plaintiff at the time the stock was taken in each year, showing the aggregate amount of profits and losses in the departments in which the plaintiff was employed, and in the profits of which, if any had been made, he would have been entitled to a percentage. These, however, only give the aggregate amount of profits and losses, without any details of how such totals were reached; and, claiming that they are incorrect, plaintiff says that an inspection of the books will be necessary to show the incorrectness of such statements, and to enable him to frame his complaint. The suggestion that he is bound by the accounts so rendered by failing to return or object to them is met by his sworn state-

ment that he did object when they were rendered and was promised an inspection of the books from year to year, which, however, was never accorded him. Whether the rendering of such accounts constituted an account stated between the parties should not be determined upon motion, but is a matter to be disposed of at the trial. We do not see that any great hardship can be inflicted upon the defendants by permitting the inspection, it being within their option either to deposit the books with the clerk of the court, or to submit them for inspection at their office during such hours and days as will cause them the least inconvenience. The order appealed from should be reversed and the application granted, with ten dollars costs and disbursements. Present—Van Brunt, P. J., O'Brien and Parker, JJ.

In the Matter of Department of Public Parks, Twenty-third and Twenty-fourth Wards.— Application denied. See Mem.

In the Matter of Horace Anderson and Others. — Motion to confirm report denied. See Mem.

Thomas Crimmins, Respondent, v. Metropolitan Elevated Railway Company and Another. Appellants.— Judgment reversed, new trial ordered, with costs to appellants to abide event.—

PER CURIAM : We see no way in which a reversal of this judgment can be avoided because of the failure to show any devolution of the title of the first lessor upon the last lessors. The attention of the counsel was pointedly drawn to that point upon the trial but without showing the slightest connection between the lessors in the two leases. A recovery is sought upon the ground that the second lease is a renewal of the first. It is true that the second lease recites that it is a renewal of the old lease, but the lessors are different and there is no proof of how the lessors of the so-called renewal lease acquired title, if any they had. We do not see how we can avoid this objection. The case seems to have been tried in all other respects, but the point argued is fatal. Judgment reversed, and new trial ordered, with costs to appellants . to. abide event. Present—Van Brunt, P. J., and Parker, J.

The East River Gas Company of Long Island City, Respondent, v. John F. Ahern, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. No opinion.