WALSH v. PRESS CO. et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. DISCOVERY—INSPECTION OF WRITINGS.
　　　An inspection of books should not be ordered to enable a party to determine whether he has a cause of action.

2. SAME.
　　　The allowance of a stockholder's application for an order to compel an inspection of corporate books, to enable him to frame his complaint in a pending action against an officer of the corporation for official misconduct, is governed by the law applicable to proceedings for discovery in pending actions, and not by the law governing a stockholder's right to obtain an inspection of such books.

Appeal from special term, Albany county.

Action by John W. Walsh against the Press Company, impleaded with John A. McCarthy and others, defendants. From an order allowing an inspection of its books and records, defendant company appeals. Reversed.

The order of the Albany special term directed "that the defendant the Press Company, its officers, agents, and employés, produce and discover to the plaintiff, and his duly-authorized agent, the day book, journal, ledger, and minute book of said company used by said company for the entry of its business transactions from January 1, 1895, to the date of this order; also that said company, its officers, agents, and employés, produce and discover to plaintiff and his duly-authorized agent all contracts for advertising entered into by said company during the aforesaid period, and that plaintiff and his duly-authorized agent be permitted to inspect and copy said books, papers, and contracts, and make extracts therefrom, and that such examination and inspection may be had daily between the hours of seven o'clock and ten o'clock p. m., and may commence on the 1st day of July, 1899, and continue until the 31st day of August, 1899."

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

John F. Montignani, for appellant.

John W. Walsh (Mark Cohn, of counsel), for respondent.

MERWIN, J. In the application which resulted in the order appealed from, the plaintiff sought to obtain discovery for the purpose of enabling him to frame his complaint. The defendant the Press Company is a domestic corporation engaged in printing and publishing two newspapers, and in other printing and publishing business. The plaintiff is the owner of 20 of its 600 shares of stock, and he was one of the directors of the corporation and its secretary from March, 1891, to March, 1897, when the defendant John A. McCarthy was chosen director and secretary in his place. This action was commenced in September, 1898, by the service of a summons only on the defendants the Press Company and John A. McCarthy. In the petition of the plaintiff for discovery, it is stated that the action is brought for the purpose of compelling the defendants to

account for their official misconduct in the management and disposition of the funds and property committed to their charge as officers and directors of the corporation, and compelling them to pay to the company or to its creditors any money and the value of any property which they have acquired to themselves or lost or wasted by a violation of their duties.

Assuming that the plaintiff is in a position to maintain an action of this kind (Brinckerhoff v. Bostwick, 88 N. Y. 52; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513), the question is whether he was entitled to the order appealed from. The plaintiff is not seeking to enforce any claim that he may have against the corporation, but is rather assuming to act in behalf of the corporation, and seeking to charge the defendant McCarthy, who has been its chief manager since 1897, and its treasurer and secretary. The real defendant is McCarthy, and the discovery is sought to enable the plaintiff to frame his complaint against McCarthy. He is alleged to be the officer of the corporation having charge of its books and papers. The discovery of books and papers in a pending action is regulated by sections 803 to 809 of the Code, and by the general rules of practice made in pursuance of section 804. Dick v. Phillips, 41 Hun, 603. The party applying must show to the satisfaction of the court the materiality and necessity of the discovery or inspection sought, the particular information which he requires, and, in the case of books and papers, that there are entries therein as to the matter of which he seeks a discovery or inspection. Rule 15. A discovery will not be ordered to enable a party to find out whether he has a cause of action, or whether there may not be some entries or papers that will be pertinent. Brownell v. Bank, 20 Hun, 517; Hoyt v. Bank, 1 Duer, 652; Nathan v. Whitehill, 67 Hun, 398, 22 N. Y. Supp. 63. A prima facie case, or at least facts pointing directly to that result, must be shown before a discovery in aid thereof will be ordered. Frowein v. Lindheim, 12 N. Y. Supp. 526. Facts and circumstances must be stated sufficient to satisfy the court that the books and papers sought to be examined do in fact contain material evidence for the party, and it is not enough that the party believes or is advised that material evidence will be found. Thompson v. Railway Co., 9 Abb. Prac. (N. S.) 212, 225; Manufacturing Co. v. Gorham, 83 Hun, 342, 31 N. Y. Supp. 965.

All of the specific charges against McCarthy of loss, waste, or misappropriation are upon information and belief, except a charge that in 1896 the papers published by the corporation were used by McCarthy in advertising himself for office, without paying the corporation therefor, and that several printing machines were through his advice purchased by the company, and were useless. Those transactions occurred when the plaintiff was a director, and it is not apparent how he needs any discovery on those subjects. As to the other charges, the sources or particulars of plaintiff's information are not given, and we therefore are not able to say whether his knowledge or information is so limited as to require discovery. The plaintiff also alleges that McCarthy has in other ways, which the plaintiff is unable to particularly set forth without an exami-

nation of the books of the company, appropriated to his own use moneys and other valuable property of the company.  He then states that it is necessary for him, in order to frame his complaint, to obtain discovery or inspection of the books of the company, and the written contracts for advertising entered into between the company and its advertisers; that the information which he seeks is as follows:  "The amount of money received by said company from its advertisers and other sources; the amount of money retained by said McCarthy for alleged extra services and commissions; the amount of money and .property wasted through the mismanagement of the company's business by said McCarthy; the bills paid by advertising, and for whom and to who paid; and such books, papers, and contracts contain the entries as to the matters which petitioner seeks a discovery and inspection."  Whether or not the examination asked for will in fact disclose the improper retention by McCarthy of any money for extra services and commissions, or any waste through his mismanagement, or that any of his own bills have been paid by advertising, is left to be conjectured.  The plaintiff thinks that such disclosure will be made.  That is not enough.  Pegram v. Carson, 18 How. Prac. 519.  On the part of the defendants, the affidavits of the cashier and of the bookkeeper of the company, as well as that of McCarthy, are presented, stating that the books and contracts referred to do not contain any entries that would in any way support the charges of the plaintiff.

In an affidavit made by the plaintiff subsequent to his petition, he states, in reference to the books and papers referred to in the petition, that he thinks it will require the services of an expert accountant to ascertain the truth of the charges made by him.  If so, it is difficult to see how to avoid the conclusion that the application for a discovery is experimental,—an effort to find out whether a cause of action exists.  The case of Brownell v. Bank, supra, was quite like the present in its object, and an order like the one here was held to have been improperly granted.

It is not necessary to consider what right to inspection the plaintiff may have as a stockholder, under the rule laid down in Re Steinway, 159 N. Y. 250, 53 N. E. 1103.  That was a direct proceeding by the stockholder against the corporation, and the remedy by mandamus was invoked and allowed.  That is said to be the appropriate, if not only, remedy to a stockholder in order to obtain inspection.  4 Thomp. Corp. § 4431.  Its allowance may depend upon considerations not applicable to a case like the present one.  Here the application for discovery is in a pending action, is incidental to the prosecution of the action, and has reference only to the claims involved in that action.  The allowance or disallowance of the application must be determined according to the law applicable to such proceedings in pending actions.  From the record before us we are of the opinion that the plaintiff was not entitled to discovery for the purpose claimed, and that his application should have been denied.

Order reversed, with $10 costs and disbursements, and application denied, with $10 costs.  All concur.