CHANNING W. RICHARDS, RECVR., ETC. V. HERMAN BUNTE.

1. **Removal of Books for Inspection cannot be Compelled.**
   A court ordering an inspection under R. S. 5290 (Gen. Code 11552) cannot require a party to remove his books, papers and documents from the place where they are ordinarily, properly and lawfully kept to some other place in order to, make it convenient for the opposite party to inspect them, and especially, to require their production at such place at a specified time before trial where the motion for inspection makes no request other than that they be produced at the trial.

2. **Action Improperly Dismissed for Refusal to Produce Books in Another County for Inspection against Order of Another Court.**
   A court of one county having directed its receiver of an insolvent insurance company to keep certain of its books within that jurisdiction, a court in another county in which the receiver is a party to an action to recover premiums against the policy holder, cannot dismiss the action for his failure to produce such books for inspection under R. S. 5289 (Gen. Code 11551).

3. **Essential that Books Contain Evidence Pertinent to Issue.**
   No presumption can be indulged in support of an order to produce books for inspection under R. S. 5289 (Gen. Code 11551), that the court was fully advised in the premises of each and every fact essential to the validity of its order, in the absence of any declaration in the motion, in the order or in the record, that the books contain evidence pertinent to the issue, or showing that the matter was heard upon evidence; and under such conditions, such order cannot be upheld.

[Proof of this decision was submitted to Judge Parker and corrected.—Ed.]

ERROR to Lucas common pleas court.

*D. L. Beall* and *P. A. Reece*, for plaintiff in error.
*E. O. King*, for defendant in error.

## PARKER, J.

It appears from the record presented here that the Aetna Fire Association of Cincinnati had become insolvent and that its affairs were being wound up in the court of common pleas of Hamilton county, the residence or situs of the corporation. That in pursuance of these proceedings suit was brought by the

Lucas County.

receiver against Herman Bunte, to recover certain premiums
which it is alleged were due from him to the plaintiff on certain
policies issued to him by the company. Herman Bunte answers
defending against this claim on a variety of grounds. The
case has been in this court before, on error, the error com-
plained of then being the sustaining of a demurrer to the pe-
tition. This court reversed that judgment of the court of com-
mon pleas, and now we have another question presented.

In the court of common pleas the defendant filed a motion
for an order requiring the plaintiff to produce certain books
and papers upon the trial. The motion started out, after the
title, as follows: "Now comes the defendant and moves the
court for an order on the plaintiff in this cause requiring him
to have and produce at the trial of this cause for the use and
benefit of the defendant the following books, paper writings
and documents, to-wit:" and then is set forth, in six separate
paragraphs, a description and enumeration of the books and
papers desired, and it is said upon the hearing, and is not
questioned—indeed we think it appears from the inspection of
the motion itself—that the books and papers required would
be, not only numerous and bulky, but that it would require
the production of a large part, if not all of the records and
papers of this association.

When the matter came on to be heard, the following order
was made by the court of common pleas:

"This day, the twenty-fourth day of April, 1907, this cause
came on to be heard upon the motion of the defendant for an
order requiring the plaintiff to produce certain books, paper
writings and documents in his possession and described in said
motion and to have the same at the trial of this cause for the
use and benefit of the plaintiff, and the court having been fully
advised in the premises and having heard the arguments of
both parties by their counsel respectively for and against the
granting of said motion find that said motion is well taken
and that said books, paper writings and documents should be
subject to the inspection of the defendant and his attorneys
in Toledo, Lucas county, Ohio, at least three days prior to the
trial of this cause, and should be produced by the plaintiff

Richards v. Bunte.

at the trial of this cause for such use by the defendant as may be proper at the time under the laws of the state of Ohio.

"It is therefore ordered by the court that the plaintiff, Channing W. Richards, as receiver of the Aetna Life Association of Cincinnati, Ohio, have and produce the books, paper writings and documents described in said motion at some proper and suitable place in the city of Toledo, Lucas county, Ohio, at least three days before the trial of this cause for the examination and inspection of the defendant and his attorneys; but it is not ordered that the same shall pass out of the possession of said receiver or his attorneys.

"And it is further ordered that said plaintiff have and produce said books, paper writings and documents on the trial of this cause for such use therein by the defendant as at the time shall be proper under the laws of the state of Ohio. To each, every and all of said findings and to each, every and all of said orders of said court and the granting of said motion, plaintiff then and there duly excepted.

"Plaintiff further excepted to the hearing and granting of said motion for the reason that notice in writing of the hearing of said motion was not served on plaintiff until April 23, 1907, and plaintiff was not prepared to argue said motion."

It is said, in argument, that the notice of the motion was served upon local counsel here upon the twenty-third of April and the matter was heard upon the twenty-fourth and local counsel had no opportunity to communicate with the chief counsel, who was the only one prepared to represent this matter properly on behalf of the company, before the court. Complaining of this order and of the action of the court in taking it up so speedily after the notice, the plaintiff in error made a motion to have this order set aside; and it appears from the journal under date of May 2, 1907, that that motion was heard upon evidence, and some of the evidence educed is mentioned in the journal entry; but the court then adhered to its former ruling and overruled the motion to set aside.

Under date of May 17, 1907, we have this entry:

"This day this cause came on regularly for trial and in open court came the defendant and represented unto the court

Lucas County.

that there had been filed on the fourth day of May, 1907, by the plaintiff in this action a certain declination wherein he refuses to comply with the former orders of this court in regard to the production of certain books and paper writings at the trial of this cause and that the plaintiff now refuses and wholly fails to produce said books and paper writings in compliance with said order, and the defendant thereupon moved the court to give judgment for the defendant dismissing this action according to the statutes for such cases made and provided. And the court having heard the arguments of counsel and having been fully advised in the premises find that said representations are true and that said motion is well taken and that the same ought to be, and the same hereby is, granted."

Then follows the dismissal. It will be observed that in the first order of the court which I have read, the court went beyond the motion, or the request of the motion; it not only ordered the production of these books and papers at the trial, but it ordered that the plaintiff in error bring these books and papers to some suitable place in the city of Toledo, three days before the trial and allow the defendant in error to there and then inspect them—which was something not asked for in the motion.

We think it is not competent for the court in ordering an inspection under R. S. 5290 (Gen. Code 11552), to require a party to remove his books, papers and documents from the place where they are ordinarily, properly and lawfully kept to some other place to permit the opposite party to there inspect them. It would not be competent for a court to require the plaintiff in error in this case to bring all the papers and books up from Cincinnati in order to make it convenient for the opposite party to inspect them here in the city of Toledo. If the right to inspect them existed and were to be enforced, it would devolve upon the defendant in error to go to the place where the records of the company were properly kept and deposited and there make the inspection. But not much is claimed for that part of the order by the defendant in error.

It is said that the other part of the order, to wit, the requirement that the books and papers should be present here

Richards v. Bunte.

upon the hearing, was properly made and should have been complied with, and that the court, under R. S. 5289 (Gen. Code 11551), was authorized to do as it did in dismissing the case because that part of the order was not complied with. I have read part of the last journal entry, and what has been said about the declination and refusal that was put on file. Looking to the record touching that, we find that the plaintiff in error did not decline to furnish all books and papers required by this order, but that certain books which were in the hands of the receiver and which the receiver had been ordered by the court of common pleas of Hamilton county to keep there· in that county, subject to the inspection of everybody interested in the company, were the ones which the plaintiff in error declined to produce, giving as his reason that he could not do so; that he was subject to the orders of the court of common pleas of Hamilton county and that that court had required by its order that he should keep those books there, and what purports to be a copy of the order is set forth in the record here.

But we have no bill of exceptions here, disclosing what evidence was in fact produced upon the hearing of these various matters in the court of common pleas, and, therefore, we must disregard certain affidavits referred to here, and certain journal entries from the court of common pleas of Hamilton county, and must look to that which is strictly a part of the record, without a bill of exceptions. We have, then, the motion, requiring the production of these books and papers and the order of the court upon such motion. Now it is said in the order that the court was "fully advised in the premises"; it is said, therefore, that it should be presumed in support of the order and judgment of the court in this matter, that the court was duly "advised" by evidence, and that it was thereby duly advised of each and every fact essential to the validity of its order.

In view of the requirements of the statute as to the showing that must be made in order to justify the making of such an order, to wit, that the writings contain evidence pertinent to the issue; in view of the fact that this motion does not declare that the writings contain evidence pertinent to the issue,

Lucas County.

and that the court does not find that the writings contain evidence pertinent to the issue, we are of the opinion that we should not go so far as is asked by the defendant in error in the way of indulging presumptions in support of this order. It seems to us like a most extraordinary order under the circumstances, and one likely to be very oppressive, and that we should hold, as we do, that in the absence of any declaration in the motion; in the absence of any showing in the record; in the absence of any finding on the part of the court, that these paper writings contained evidence pertinent to the issue, and in the absence of any clear declaration that the matter was heard upon evidence or that the court was duly advised, otherwise than by the motion and the arguments of counsel specifically referred to, that this order cannot be upheld. It will be reversed.

There are other sections of the statutes than those I have referred to that are *in pari materia,* especially those upon the subject of ''discovery,'' and under R. S. 5293 (Gen. Code 11555), or perhaps it is intended to be under all these sections, but following R. S. 5293, in Whittaker's Annotated Civil Code we find a number of decisions referred to, which we have examined and which throw considerable light upon the question as to the *showing* that must be made in order to justify such an order. They are: *Davis* v. *Dunham,* 13 How. Pr. 425; *Keeler* v. *Dusenbury,* 8 N. Y. Sup. Ct. Rep. (1 Duer.) 660; *Wood* v. *De Figamere,* 25 How. Pr. 522; *Case* v. *Banta,* 22 N. Y. Sup. Ct. Rep. (9 Bosw.) 595; *Morrison* v. *Sturges,* 26 How. Pr. 177; *Pegram* v. *Carson,* 10 Abb. Pr. 340; *Brooklyn Life Ins. Co.* v. *Pierce,* 7 Hun. (N. Y.) 236; *Merguelle* v. *Bank-Note Co.* 30 N. Y. Sup. Ct. Rep. (7 Rob.) 77.

This section as to the production of documents was under consideration by this court in the case of *Arbuckle* v. *Spice Co.* 11 Circ. Dec. 743 (21 R. 347). By looking at that case counsel will discover that this court was careful to find from the evidence that the documents and papers desired to be produced, or inspected, contained evidence pertinent to the issue; and in the New York practice reports to which I have referred, the courts are careful, very careful, upon that point, in order that

Richards v. Bunte.

they may conserve the beneficial purposes for which this statute is intended, and that it may not be used without authority, or oppressively. I shall not take time to read from these authorities, except a paragraph or two. I read from *Brooklyn Life Ins. Co.* v. *Pierce, supra,* where it is said:

"On a motion for an inspection of papers, the moving affidavit alleged the nature of the action; the fact that several letters had been written to the plaintiff; that they constituted the agreement set up in the answer; that they were material and necessary to the defense, and contained evidence relating to the merits, and that without them defendant could not safely proceed to trial. *Held,* insufficient. Facts should be given which will enable the court to determine for itself whether the evidence is material."

And I read a part of the syllabus, only, in the case of *Merguelle* v. *Bank-Note Co. supra:*

"An affidavit on which a motion for a discovery of books and papers is made, which merely alleges that there are in the possession of the defendants various letters, receipts and accounts, in the handwriting of the moving party, 'containing evidence in relation to the subject of the action,' and 'to the merits of the action' is not sufficient to enable the court to pass upon the question whether the contents of such books and documents are at all material as evidence in regard to any issue in the action. The plaintiff is not entitled to the inspection of all such books, merely to obtain information how, or in reference to what matters to get other evidence.

"Nor is it sufficient that such books may possibly furnish such evidence. The documents must be set forth with sufficient precision to enable the court to determine for itself, whether they ought to be produced, as containing material evidence."

As I have already pointed out, it is not even declared in the motion here that these papers and documents contain evidence pertaining to the issue, nor is there any such finding by the court, much less is there evidence of a showing that they contain evidence pertinent to the issue.

Lucas County.

For the reasons stated, the judgment of the court of common pleas will be reversed and the cause remanded.

**Kinkade** and **Wildman, JJ.,** concur.

---

## OFFICES AND OFFICERS—TAXES.

[Cuyahoga (8th) Circuit Court, March 28, 1905.]

Marvin, Winch and Henry, JJ.

H. M. BROOKS ET AL. V. M. A. LANDER, TREAS. OF CUYAHOGA CO. ET AL.

**Auditor may Expunge Changes in Duplicate Made by Unconstitutional Board to Correct Errors in Current Duplicate.**

Acts of de facto officers under a law held unconstitutional by the Supreme Court can have no prospective operation, especially where the de facto officers as such cannot be identified with any pre-existing officers, and the only vitalizing power given the officers was that by the unconstitutional act creating the office. Hence, the Supreme Court having held act 89 O. L. 283, creating a board of equalization and assessment invalid and ousted the board, the action of the board making deductions upon the duplicate may be corrected as an error and expunged by the auditor upon the current duplicate.

[Proof of this decision was submitted to Judge Henry and corrected.—Ed.]

APPEAL from common pleas court.

*W. W. Boynton* and *Smith & Taft,* for plaintiffs.
*C. W. Stage* and *Z. T. Armstrong,* for defendants.

**HENRY, J.**

This cause is here on appeal, having been commenced in the Cuyahoga common pleas court to enjoin the collection of certain taxes. After the board of equalization and assessment in the city of Cleveland was held, in *State* v. *Molyneaux,* 58 Ohio St. 736, and *Gaylord* v. *Hubbard,* 56 Ohio St. 25 [46 N. E. Rep. 66], to have been acting under an unconstitutional law, the county auditor expunged from the duplicate certain