HOTCHKISS v. LEVI.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. DISCOVERY (§ 86*)—BOOKS—RIGHT TO INSPECT.

Under Code Civ. Proc. § 803, authorizing a discovery of books and papers relating to the merits, defendant in a suit by the trustee of a brokerage firm for the price of stock bought for him as a member of a pool is entitled to inspect the books, records, letters, and orders kept concerning the transaction and in plaintiff's possession or control, to enable him to counterclaim for profits due him; the firm acting as his agent and also being interested as joint venturers.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

2. DISCOVERY (§ 97*)—PETITION—SUFFICIENCY.

While ordinarily allegations on information and belief respecting books sought to be inspected are insufficient, on application for inspection of books. etc., of stockbrokers as agents and joint venturers, it may be presumed that the brokers kept books, in the absence of a denial that they were kept.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by Henry D. Hotchkiss, trustee in bankruptcy, against Berthold Levi. From an order denying defendant's motion for a discovery and inspection of "all books of account which Lathrop, Haskins & Co. may have kept concerning the purchase and sale of stocks, all books, records, letters, or orders which they have kept affecting the transactions" for a pool, or joint venture, for the purchase and sale of shares of stock of the Columbus & Hocking Coal & Iron Company for the account of the defendant, "which are now in the possession of the plaintiff or under his control," he appeals. Reversed and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edmond E. Wise, for appellant.

Abram I. Elkus (Herrick McClenthen, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. The firm of Lathrop, Haskins & Co., of which the plaintiff is the trustee in bankruptcy, were stockbrokers. The action is brought to recover the sum of $265,297.64, the purchase price of 3,257.10 shares of the common stock of the Columbus & Hocking Coal & Iron Company, alleged to have been purchased by said firm as brokers for the defendant, together with interest thereon.

The petition of the defendant for the discovery and inspection shows that he was induced by the firm to become interested in a pool in said stock to the extent of 20 per cent.; that the firm agreed to represent him and to act as agents for him and did participate in the management of the pool and agreed to, and did, become personally interested in the pool; that the stock, for which the plaintiff seeks to recover in this action, was the defendant's proportion of stock in the joint venture; that he never was informed and does not know of the operations of the joint venture, further than that one James R. Keene was to be the manager, agent, and trustee for the members of the joint venture, and was to purchase and sell stock for the account of the members of the pool; that it appears by the complaint of this plaintiff, in an action against Keene and others, alleged to have been members of the pool, or joint venture, for an accounting of the profits thereof, that 20,000 shares of stock were purchased and allotted to said firm as their share of the joint venture, which included the stock to recover for which this action is brought; that the accounting has not been had; that Lathrop, Haskins & Co. had a full and complete set of books which would disclose all transactions had concerning the joint venture and the amount of stock they received, and for whom, and how the same was divided, and written records of all transactions made for the joint venture, which have never been disclosed to the defendant, which will show, as he believes, that incorrect proportions were allotted to him, and that he has not received credit from any benefit or profits made by the joint venture; that said books, papers, and records are now in the possession of the plaintiff, who has refused to permit the defendant to examine the same; that it is necessary for the defendant to examine said books of account and allotments and the transactions shown thereby made by the firm of Lathrop, Haskins & Co. as agents for the defendant, in order to plead herein and set up a counterclaim for his share of the profits, if any, of the joint venture. The material allegations of the petition are not denied; but it was shown in opposition to the motion that the defendant received a notice from the firm for each of the purchases for which a recovery is sought herein, in the following form, and of which the following is one:

"We desire to inform you that on August 31st, we received from the manager of the No. 2 C. & H. C. & I. pool 400 shares of C. & H. C. & I. Co. stock at 70.95. This represents your share of distribution on that date."

The defendant insists that this information was insufficient, in that it does not show the number of shares purchased from which he could determine the correctness of the allotment to him, and fails to show what sales or profits were made, and the defendant points to the complaint of the plaintiff against Keene and others as showing that sales and profits were made.

It is evident that the defendant is not in a position to prepare an answer to protect his rights without further information, which should be disclosed by the inspection sought, for if there were any profits in which he was entitled to share it will be necessary to interpose a counterclaim therefor, and if there was any error in allotting shares to him it might be necessary to set it up as a separate, complete, or partial defense. It is manifest that the inspection desired is of books and papers "relating to the merits of the action, or of the defense therein," within the purview of the provisions of section 803 of the Code of Civil Procedure, for the firm not only represented the defendant as his brokers in purchasing the stock, which relation alone would not justify the order on these papers (Seligeberg v. Schepp, 79 App. Div. 626, 80 N. Y. Supp. 154), but, according to the allegations of the petition, they undertook to act as his agents with respect to the joint venture, in which they themselves were also interested as joint venturers, and they were therefore under obligation to make a full disclosure of all transactions had on his account or affecting it. Rule 14, General Rules of Practice; Iroquois Hotel & Apartment Co. v. Iroquois Realty Co., 126 App. Div. 814, 111 N. Y. Supp. 172; Harding v. Field, 64 Hun, 635, 18 N. Y. Supp. 918;[1] Marston v. Gould, 69 N. Y. 220; Veiller v. Oppenheim, 75 Hun, 21, 26 N. Y. Supp. 1051; Thomas v. Waite Co., 113 App. Div. 494, 99 N. Y. Supp. 297; Churchill v. Loeser, 89 Hun, 613, 35 N. Y. Supp. 310.[2]

The allegations with respect to the keeping of books and records by the firm and the contents thereof are, it is true, made on information and belief. In the ordinary case this would be insufficient. Walsh v. Press Pub. Co., 48 App. Div. 333, 62 N. Y. Supp. 833; Brickner v. Sulzbacher, 130 App. Div. 393, 114 N. Y. Supp. 958. Here, however, the application is for a discovery and inspection of the books, records, and papers of agents and joint venturers, and it may fairly be presumed that a firm of stockbrokers engaged in such an enterprise would keep books and records thereof, and it is not denied that they did keep them and that the plaintiff has them and has refused to permit the defendant to inspect them.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 635.

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 89 Hun, 613.