DISCOVERY (§ 89*)—RIGHT OF DISCOVERY—STATUTORY PROVISIONS—RULE OF COURT.

> Code Civ. Proc. §§ 803–809, and General Rules of Practice, 14–16, directing a discovery of books, etc., contemplate the discovery of evidence, and an administratrix suing for the negligent death of a railroad employé struck by a locomotive may not compel an inspection of the reports of the employés of the company as to what they observed with reference to the accident and as to what disposition they made of parts of the engine, because the papers are not evidence, though they may furnish a clue to evidence.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 115; Dec. Dig. § 89.*]

Appeal from Special Term, Westchester County.

Action by Rose Falco, as administratrix of Andrew Falco, deceased, against the New York, New Haven & Hartford Railroad Company. From the part of an order compelling an inspection of papers in the possession of defendant, it appeals. Reversed.

See, also, 145 N. Y. Supp. 1122.

The action is brought by the administrator of a servant against a master to recover damages for the death of the servant. The plaintiff complained that the defendant is a foreign Connecticut state railroad corporation; that her intestate was struck by part of the appliances of the defendant's locomotive engine, sustaining fatal injuries; and that the casualty was due to defects in the defendant's ways, works, plant, appliances, locomotive, and the appliances thereof and equipment, and by the negligent acts of the defendant's agents, officers, and employés, and by the negligence of the defendant's employés, exercising superintendence, control, and command over said plaintiff's intestate, and by the defendant's failure to formulate, promulgate, and enforce proper.rules and regulations for the safety of said intestate and his coemployés, and that said defendant conducted its work by unsafe and dangerous methods and by unsafe and dangerous locomotives and appliances thereof, as a result of all of which, as this plaintiff's intestate was upon defendant's right of way in the performance of his duties, part of the appliances of one of said defendant's locomotives was violently blown therefrom and struck and killed said plaintiff's intestate. The defendant admits its status as a corporation, and makes otherwise general denial. The Special Term made an order, after issue was joined, that granted plaintiff's motion for an open commission and for the inspection of the written reports made by the defendant's employés to the defendant, and further ordered that the defendant produce for inspection and examination of the plaintiff's attorney

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

r specified, the original of each and every s of the defendant made to the defendant, they observed or discovered with reference to the happening of the occurrence in which the intestate was killed, including all such reports as may have been made to the defendant, its agents or officers, by the defendant's employés, as to any cylinder head, step, or fragment or detached part of the locomotive or train which may have come from the said locomotive and train and which was found in proximity to the body of the plaintiff's intestate, including such reports as the said employés made to the defendant as to what disposition they made of such cylinder head, step, or fragment, and including such reports as were made to the defendant, its agents or officers, by the defendant's employés as to the said cylinder head, step, or fragment being missing from the said locomotive or train, likewise ordered that the plaintiff, her attorney, or his representative, shall be then and there afforded a full opportunity to make copies of said reports, and further ordered that, if it shall appear from said testimony and inspection that there is in the defendant's possession, or under its control, a fragment or detached part which came from the locomotive and train and caused the death of the plaintiff's intestate, another application can be then made by the plaintiff for its inspection. The defendant appeals from so much of the order as requires the defendant to give to the plaintiff an inspection of the written reports made by the defendant's employés to the defendant, and the original of each and every report which any and all employés of the defendant made to the defendant, its agents or officers, as to what they observed or discovered with reference to the happening of the occurrence in which the intestate was killed, including all such reports as may have been made to the defendant, its agents or officers, by the defendant's employés as to any cylinder head, step, fragment, or detached part of a locomotive or train, including such reports as the said employés made to the defendant as to what disposition they made of such cylinder head, step, or fragment, and that the plaintiff, her attorney, or his representative, shall be then and there afforded a full opportunity to make copies of such reports.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

William L. Barnett, of New York City, for appellant.
Thomas J. O'Neill, of New York City, for respondent.

JENKS, P. J. The power of the court is prescribed and regulated by sections 803–809, inclusive, of the Code of Civil Procedure, and by the fourteenth, fifteenth, and sixteenth General Rules of Practice. Walsh v. Press Co., 48 App. Div. 333, 62 N. Y. Supp. 833; Matter of Ehrich v. Root, 134 App. Div. 437, 119 N. Y. Supp. 395. The procedure contemplates evidence. Woods v. Figaniere, 25 How. Prac. 522; Merguelle v. Continental Bank Note Co., 30 N. Y. Super. Ct. 77; Davis v. Dunham, 13 How. Prac. 425; Ahlymeyer v. Healy & Bigelow, 12 N. Y. St. Rep. 677; Matter of Ehrich v. Root, supra; Hallenbeck v. Parr, 65 App. Div. 167, 72 N. Y. Supp. 488. The documents sought to be discovered are not evidence, within the purview of the statute or the rules. It is not enough that the documents suggest or may furnish a clew to evidence. Woods v. Figaniere, supra; Morrison v. Sturges, 26 How. Prac. 177; Walsh v. Press Co., supra. The burden was upon the plaintiff to establish a condition that would have justified the order. Beyer v. Transit Development Co., 139 App. Div. 724, 124 N. Y. Supp. 463. The fact that the plaintiff is a representative of the deceased does not afford to her

146 N.Y.S.—65

any further or additional rights. Merguelle v. Continental Bank Note Co., supra.

The order, in so far as appealed from, is reversed, with $10 costs and disbursements. All concur.