## GRAVES v. POE et al.

### No. 3686.

Court of Civil Appeals of Texas. El Paso.
June 23, 1938.

Rehearing Denied July 7, 1938.

Harrison, Scott & Rasberry, of El Paso, for appellant.

Jones, Hardie, Grambling & Howell, of El Paso, for appellees.

WALTHALL, Justice.

The statement of the nature and result of the suit as in appellant's brief having been adopted by appellees, we adopt it as our own and state it here.

Appellant, Charles E. Graves, filed this suit against A. B. Poe Motor Company, a partnership, consisting of A. B. Poe, Alton Poe and Louise Poe Shelton, doing business under the name of the A. B. Poe Motor Company, seeking to recover damages of $7,500.00 for personal injuries, because of negligence, the basis of such negligence being that the employees of the appellees spilled water upon the floor of the business house operated by such partnership at such portion thereof where the public was invited to transact business, and that one of the employees, namely, Jack Watson, acting in the scope of his authority, slipped in the water, fell, and in doing so struck appellant with a muffler tail pipe, fracturing his jaw and causing other injuries. Appellant was employed by the Car Parts Depot on the date of the injury. The Texas Employers Insurance Association, because of the obligation of a workman's compensation insurance policy issued to the Car Parts Depot, paid the hospital and doctor's bills incurred by the appellant and appellant requested that judgment be entered for the Association to the extent of such payment. Appellees answered that Jack Watson and appellant were scuffling with a muffler tail pipe, for which reason Jack Watson was not acting in the scope of his authority, and further alleged that appellant was guilty of contributory negligence. The jury found for appellant and allowed $200.00 as damages. Appellant filed a motion for new trial which was overruled and he thereafter perfected this appeal.

### Opinion.

The jury, in response to special issues submitted, found: There was water on the floor at the place alleged by appellant at the time of the accident; such water was spilled on the floor by one of appellees' employees; the spilling of the water on the floor was negligence on the part of appellees, and which negligence was a proximate cause of appellant being struck by the tail pipe; the employees of appellees had permitted such water to remain on the floor at such place of business, which was negligence on the part of appellees and a proximate cause of appellant being struck by the tail pipe; shortly prior to the accident complained of appellant grabbed hold of the tail pipe then being carried by Jack Watson, which, under the circumstances, was not negligence on the part of appellant. The jury answered no to the question, do you find that Jack Watson, at the time appellant was injured, was not engaged in the performance of any service or duty for the appellees;

970

the striking of appellant with the tail pipe was not an unavoidable accident; appellant was injured from the blow complained of. Two hundred dollars was found as "the amount of damages sustained by appellant."

Appellant complains that the amount awarded him as damages for the losses sustained by him is unreasonable and inadequate. In this connection appellant points out from the record that the uncontroverted facts show that at the time of his injuries he was earning $225.00 each month; that in the accident his jaw was broken and was wired together from August 6th to October 23rd, during which time he could eat nothing but liquids taken through a tube; that he was unable to work for about five or six weeks; that he suffered much pain for months after the accident, and was still suffering; that he had incurred hospital and doctors' bills of the reasonable value of $121.40.

Appellant also insists that it was reversible error to admit in evidence that his employer paid him wages during the period of his disability to work as fixing an amount that could be deducted by the jury from any sum the jury might otherwise see proper to award him as damages by reason of his loss or damages.

The proposition we are to consider involves the adequacy of the award made by the jury for the entire damages appellant sustained by reason of his injuries.

In addition to the matters stated, Dr. Mengel, dentist, testified that appellant had a fractured jaw which he wired together and which could cause pain; he saw appellant at his office every day for twenty-one days, at which times he sprayed appellant's mouth and charged $60.00 for his services; that the fracture was a serious one, and during the treatment appellant suffered pain. Dr. Rogers testified that the hospital bill was $21.40 which was reasonable and the usual charge. Dr. Rogers' bill was $40.00, and it was alleged that the doctors' bills were reasonable. The doctors' bills and hospital bill were paid by the Texas Employers' Insurance Association. Dr. Rogers, the physician called, testified briefly as to appellant's injuries and to what the X-ray shows, and his treatment and that of Dr. Mengel for a period of several weeks.

Mrs. Graves testified that her husband was in the hospital three or four days, and that he was in and out of bed at home for about five or six weeks during which time she nursed him night and day, and during that time his jaws were wired together; that he at that time could take no food except liquids fed through a tube every three or four hours; that several times he was nauseated and sick, stated the treatment and service she gave at such times; that on one occasion she and Dr. Mengel cut the wires that bound his jaws, and that such were rewired.

Article 2235 of our Statutes provides, "New trials may be granted when the damages are manifestly too small or too large."

Can this court say that the damages awarded by the jury are manifestly too small and that the trial court should have granted a new trial?

It will be noted that appellant's employer, the Car Parts Depot, paid him his salary during the time of his inability to work, and that the Texas Employers' Insurance Association paid his doctors' and hospital bills.

Appellant objected to the evidence as to such payments as being immaterial, irrelevant and improper. The court overruled the objection and admitted the evidence, and the question of error in admitting the evidence and thus reducing appellant's damages to the extent of such payments, is before us.

The suit is not against appellant's employer, and the evidence does not show that the continuance of his wages in the event of injury disabling appellant from labor or service was a provision of his contract of employment, but such continuance of the salary and the payment of bills by the insurance association, we must assume, was each a grace extended appellant, and under the case of Missouri Pacific Ry Co. v. Jarrard, 65 Tex. 560, 566, appellees were not entitled to the benefits of either of such payments.

In other cases which we think applicable here the courts hold that no abatement of damages on the ground of partial compensation can properly be made where the evidence shows the funds have been received from a collateral source independent of the defendant. Gulf, W. T. & P. R. Co. v. Wittnebert, Tex.Civ. App., 104 S.W. 424. And because of lack of privity, the payment of an insurance company does not inure to the benefit of the defendant and may not be considered

either as a defense nor in mitigation of an action for damages against the wrong-doer. Texas Central R. Co. v. Cameron, Tex.Civ.App., 149 S.W. 709, and other cases referred to in 13 Tex.Jur., page 173 et seq. The jury necessarily considered the evidence showing such payments improperly admitted.

In view of another trial we make no comment on the question as to whether the damages are manifestly too small.

For the reason stated, the case is reversed and remanded.