Samuel W. Eager, J.
This is an action by a property owner against a neighboring owner, a developer and a contractor to recover for alleged damage to plaintiff’s premises caused by *44 blasting operations on the neighboring premises. It appears that the plaintiff carried extended coverage insurance at the time of her alleged damages were sustained and that she did accept the sum of $6,000 in liquidation of her insurance company’s obligation to pay such damages. This was under an arrangement whereby the company in effect advanced this sum to her with the understanding that it must be repaid to the company from the proceeds of the present action to the extent of recovery herein. It appears, however, that plaintiff is seeking a recovery herein of $16,000 as the actual damages caused by the blasting, and the defendant contractor contends that plaintiff is greatly exaggerating her actual damages. This, the defendant contractor says would be demonstrable if it could have an inspection of the records and files of the insurance company relating to the plaintiff’s claim against such company. So the defendant contractor now makes this motion which purports to be in the nature of an application for a commission to take the testimony in a foreign State of a person who is president of the insurance company, and to require him to produce upon the examination all “ records, files and documents pertaining to the transaction between the plaintiff ” and the insurance company relating to her claim, and the disposition thereof, against said company, for the blasting damages to her premises. Particularly, however, what the defendant seeks is an opportunity to inspect the records and files of said company with reference to plaintiff’s claim against it for her blasting damage, including the right to see any and all proofs of loss, inspection and investigation reports, and releases or instruments pertaining to the disposition by plaintiff of her claim against the company. Of course, it is well settled that a party to an action is not entitled to a discovery and inspection of records and papers in the custody of a third person not a party to the action and not under the control of such a party. He may not have such an inspection in connection with a pretrial examination as a witness of the third person having custody and control of the records. (See Rubel Corp. v. Rosoff, 251 App. Div. 868.) Furthermore, the fact that certain records and papers may furnish a clue to pertinent and valuable evidence does not entitle a party to have them produced upon a pretrial examination or by means of a discovery and inspection. (See People ex rel. Lemon v. Supreme Court, 245 N. Y. 24; Falco v. New York, New Haven & Hartford R. R. Co., 161 App. Div. 735, 737; Popper v. American Ice Co., 73 N. Y. S. 2d 415.) Pretrial examination or discovery procedure contemplates the procuring of evidence for use upon the trial.
*45 It is apparent that the president of the insurance company sought to be examined has no personal knowledge of any relevant or material facts. Furthermore, in the opinion of the court, and notwithstanding the provisions of the Civil Practice Act (§ 374-a) inspection reports, book entries and other data in the files of such company and appertaining to plaintiff’s damage and her claim against the company would be hearsay not binding upon her and not competent evidence in this action. That is, excepting proofs of loss or statements signed or presented by plaintiff in connection with her claim. Such papers may be receivable in evidence as admissions against interest. However, releases and settlement papers signed and delivered by plaintiff in the course of the compromise of her claim against the company would not seem to be admissible.
Under the circumstances, the defendant may have a commission to take the testimony of the witness in question solely as to whether or not the plaintiff presented and filed with her company any proofs of loss or statements with respect to her claim for blasting damages, and to identify any such proofs or statements, with the production of the same for the purpose of marldng the same or photostatic copies thereof for identification. Or, in lieu thereof, the parties may agree for the furnishing to defendant of copies by the insurance company of all such proofs and statements.
Except as herein indicated, the motion is denied. Submit order on notice.