Annie Jewell ALLEN et al., Appellants,

v.

Roy E. AVERY, Appellee.

No. 8334.

Court of Civil Appeals of Texas,
Texarkana.

June 1, 1976.

Stacia M. Reed, Kirkpatrick, Grant, Dennis & Reed, James H. Ammerman, Marshall, for appellants.

Tom Henson, Ramey, Flock, Hutchins, Grainger & Jeffus, Tyler, for appellee.

CORNELIUS, Justice.

This suit grew out of a collision between an automobile driven by Roy Avery and a pickup truck driven by Elbert Allen. The collision occurred on State Farm Road No. 31 at a point adjacent to Rinkels' Store. At about 7:15 p. m. Avery, who was proceeding south, topped the crest of a hill about 800 or 900 feet from the point of impact. Allen was proceeding north in his pickup truck. As Avery approached, Allen turned left across the highway toward Rinkels' Store and the vehicles collided. Both parties were injured, and Allen later died of his injuries. The heirs of Allen filed suit against Avery for damages. Avery coun-terclaimed to recover his damages. The jury exonerated Avery of negligence as to speed, lookout and application of brakes. Allen was found guilty of negligence proximately causing the collision in that he failed to keep a proper lookout and made an improper left turn. Judgment was rendered that Allen's heirs take nothing and that Avery recover his damages in the sum of $12,773.00. Allen's heirs have appealed, assigning seven points of error. The first three points contend that the jury findings holding Avery not negligent with respect to speed, lookout and application of brakes are all against the great weight and preponderance of the evidence. The remaining points concern the trial court's failure to allow evidence that Avery had settled his claim for benefits under the uninsured motorist provisions of his insurance policy for the sum of $3,500.00, and in failing to limit Avery's recovery to that amount.

■ In attacking the jury findings relative to Avery's speed, appellants point to Avery's testimony that he left his place of work at about 7:05 p. m. and drove at no more than 55 miles per hour until the collision occurred at about 7:15. Since that distance was 11.7 miles and Avery had to make one stop at a red light, appellants say Avery must have exceeded his stated speed in order to have covered that distance in the intervening time period. However, Avery also testified that when he first saw Allen's truck he took his foot off the accelerator and reduced his speed, and that he was traveling only about 45 or 50 miles per hour when Allen turned in front of him. Officer McVean testified the speed limit at the place and time of the collision was 70 miles per hour. James E. Flanagan, an eyewitness, estimated Avery's speed "as it topped the hill and came to the point of impact" at 65 to 70 miles per hour. Mrs. Georgia Raven testified that Avery passed her at the crest of the hill at an estimated speed of 75 to 80 miles per hour. As indicated, the evidence was conflicting. The jury was entitled to believe the evidence favorable to Avery, and we cannot say its finding on speed is against the great weight and preponderance of the evidence.

Avery's testimony regarding his speed during the trip from work to Rinkels' Store is not conclusive. The time of his departure from work as well as the time of the collision were but estimates. Moreover, the pertinent fact was not Avery's speed at distant points, but his speed at or immediately before the collision. Blashfield's, Cyclopedia of Automobile Law and Practice (Permanent Ed.), Vol. 9C, Sec. 6235, p. 402. There is ample evidence to support the jury verdict that he was not traveling at an illegal or an excessive rate of speed at that point. Even if Avery's statement of his speed coming from work could be considered exact and to have some bearing upon his speed at the time of the collision, it would constitute nothing more than a conflict in his testimony which the jury had a right to resolve.

■ Nor can we agree that the jury findings as to Avery's lookout and application of brakes are against the overwhelming weight of the evidence. The only evidence as to lookout was Avery's testimony that he saw the pickup truck as soon as he passed the crest of the hill, and that he reduced his speed, anticipating that the pickup might turn. He also testified that when he was only about two car lengths away Allen made his turn in front of him, and that he then hit his brakes but was too close to avoid the collision. The officers testified there were skid marks indicating that Avery did in fact apply his brakes. Points 1, 2 and 3 are therefore respectfully overruled.

Appellee was insured by State Farm Insurance Company. His policy provided benefits for injuries suffered at the hands of an uninsured motorist. Allen was uninsured, and appellee accepted the sum of $3,500.00 from State Farm as benefits under the uninsured motorist provisions of his policy. The trial court excluded evidence of this payment. Appellants contend they should have been allowed to introduce this evidence. The basis of their contention is that appellee's acceptance of $3,500.00 under the uninsured motorist provision constituted an admission against interest as to the amount of his damages. Appellants further assert that appellee should not have been allowed a recovery in excess of the amount he accepted from his insurer.

■ A compromise settlement, as distinguished from an unequivocal demand or statement of damages, is not admissible in evidence as an admission of the extent of one's injuries or the value he places upon his claim. *Sullivan v. Missouri, K. & T. Ry. Co.,* 110 Tex. 360, 220 S.W. 769 (1920); *McGuire v. Commercial Union Insurance Co. of N .Y.,* 431 S.W.2d 347 (Tex.1968); *Hundere v. Tracy & Cook,* 494 S.W.2d 257 (Tex.Civ.App. San Antonio 1973, writ ref'd n. r. e.); *Beasley v. Huntley Estates at Ardsley,* 25 Misc.2d 43, 137 N.Y.S.2d 784 (1954), affirmed 285 App.Div. 887, 137 N.Y. S.2d 787 (1955). It is within the discretion of the trial court to determine from the surrounding facts and circumstances whether or not an offer or acceptance was in compromise, and the appellate court is not authorized to overrule that discretion if the trial court's action is supported by sufficient evidence. *Ditto v. Piper,* 244 S.W.2d 547 (Tex.Civ.App. Fort Worth 1951, writ ref'd n. r. e.). On the bill of exceptions appellee was asked if he "accepted" the sum of $3,500.00 from his insurer, and he agreed that he did so. There was no attempt to introduce any demand or statement by appellee stating the extent of his damage. As the trial court excluded the proffered evidence we must presume he found it was a compromise settlement, and on the record here such a finding is justified. Neither would the amount of the settlement constitute a ceiling on appellee's recovery. In addition to its inadmissibility as a compromise, the use of it to limit or mitigate appellee's recovery would violate the collateral source rule long recognized in our state. *Green v. Texas & P. Ry. Co.,* 125 Tex. 168, 81 S.W.2d 669 (1935, opinion adopted); *Chapman v. Evans,* 186 S.W.2d 827 (Tex.Civ.App. Fort Worth 1945, writ ref'd w. o. m.); *Graves v. Poe,* 118 S.W.2d 969 (Tex.Civ.App. El Paso 1938, writ dism'd); 17 Tex.Jur.2d, Damages, Sec. 103, p. 173.

Appellants complain of a conflict of interest on the part of appellee's insurer, citing *Allstate Insurance Company v. Hunt*, 450 S.W.2d 668 (Tex.Civ.App. Houston 14th Dist. 1970), affirmed 469 S.W.2d 151 (Tex. 1971), but we can see no conflict here which would require a reversal. Appellee's insurer settled with him for the benefits payable under the uninsured motorist provisions of his policy, and then undertook to defend him against the damage action brought by the heirs of the uninsured motorist. This it not only had the right, but the duty to do, as is clearly indicated in *Allstate Insurance Company v. Hunt*, supra. There was no dual representation of *both its insured and the uninsured motorist* as was true in that case.

Appellants' last point of error requesting a remand for further development has been considered and is respectfully overruled.

The judgment of the trial court is affirmed.