**ENGLISH v. MILLS et al.   (No. 2058.)**

Court of Civil Appeals of Texas.   El Paso.
Oct. 13, 1927.

Rehearing Denied Nov. 10, 1927.

1. **Partnership ⟨⟩20—Mutual use of name and sign of red ball on stages did not make owners partners.**

Mere fact that various owners of automobile stages each used name and sign of red ball upon their stages did not make them partners nor affect their separate ownership of the stages.

2. **Evidence ⟨⟩317(12)—Testimony that driver said that he was driving for defendant held hearsay.**

Testimony that driver of automobile stage told witness that he was driving for defendant on occasion of accident in question *held* mere hearsay and inadmissible, in the absence of other evidence to show prima facie the relation of principal and agent.

3. **Partnership ⟨⟩218(3)—Evidence as to partnership between defendant and owner of automobile stage which collided with car in which plaintiff was riding held insufficient for jury.**

Evidence to show that defendant was partner with owner of automobile stage which collided with car in which plaintiff was riding on public road, causing personal injuries, *held* insufficient to warrant submission to jury.

4. **Master and servant ⟨⟩332(1)—Evidence as to employment of driver of automobile stage colliding with car in which plaintiff was riding held insufficient for jury.**

Evidence to show that defendant was employer of driver of automobile stage which collided with plaintiff's car on public road, causing personal injuries, *held* insufficient to warrant submission to jury.

5. **Highways ⟨⟩184(3)—Evidence as to defendant's sole ownership of lines owning stage colliding with car in which plaintiff was riding held insufficient for jury.**

In action for personal injuries sustained in collision between automobile stage and car in which plaintiff was riding, evidence to show that defendant was sole owner of stage lines *held* insufficient to warrant submission to jury.

6. **Appeal and error ⟨⟩882(14)—Defendant did not invite error in submitting issue by submitting form thereof after objection thereto for insufficiency of evidence.**

Where defendant filed written exceptions to court's charge before it was given in which he objected to submission of certain issue to jury on the ground that the evidence was insufficient, but the court decided to submit the issue, defendant *held* not to have invited error on the part of the court and not to have waived sufficiency of evidence by thereafter requesting submission of particular form of issue.

7. **Appeal and error ⟨⟩1175(2)—Appellate court might render judgment where case was fully developed.**

Court of Civil Appeals might itself render judgment after reversal where the case seemed to have been fully developed.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by Mrs. Rilda Mills and husband against H. E. English and another. From a judgment in favor of plaintiffs against the named defendant, he appeals. Reversed and rendered.

Touchstone, Wight, Gormley & Price, G. H. Crane, and C. A. Leddy, all of Dallas, for appellant.

H. Elton Cruse, Wm. M. Cramer, and Taylor & Irwin, all of Dallas, for appellees.

HIGGINS, J.   This suit was brought by Mrs. Rilda Mills, joined by her husband, against Buck Bowers and H. E. English, the allegation being that they were copartners doing business as the Red Ball Stage Lines. It was alleged that Mrs. Rilda Mills sustained personal injuries as a result of the negligence of the appellant's agents, servants, and employees in operating one of their passenger carrying automobiles upon a public road in Dallas county.

By verified plea defendants denied that they were copartners doing business as the Red Ball Stage Lines or in any other manner, and averred the fact to be that each party owned and operated his own cars, and

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that neither of the defendants had any connection with the operation, as owner or operator, of the automobile alleged to have inflicted the injuries to plaintiff; that the automobile which inflicted said injuries was owned and operated by Lum Kennedy, and at the time of the injury was being operated by Jess English, who was driving and operating said car for the owner thereof; that the defendants had no interest whatever in said car or in the proceeds made by said car in carrying of its passengers, but the car was owned and operated by Lum Kennedy, and he and Jess English, the driver, received the whole proceeds from said automobile; and that the driver of said car was not employed by the defendants and they had no direction or control of him whatever.

Contributory negligence and unavoidable accident were also pleaded.

Upon trial, after the evidence was closed, plaintiffs filed a trial amendment by which they dismissed as against the defendant Buck Bowers, and alleged that they sued H. E. English on his liability as a partner in the Red Ball Stage Lines, a copartnership composed of Henry English and others unknown to plaintiff, and it was further alleged that should the plaintiff be mistaken in the allegation that the firm known as the Red Ball Stage Lines is a copartnership, then the plaintiff sued Henry English individually, trading as the Red Ball Stage Lines.

Upon special issues the jury found:

(1) H. E. English was "the sole owner of the business, known as the Red Ball Stage Lines operating between Dallas, Tex., and Greenville, Tex., and between Greenville, Tex., and Dallas, Tex., on or about the 6th day of November, 1924."

(2) This question submitted the issue of partnership. It was not answered because submitted conditional upon a negative answer to the first issue.

(3) Jess English was the agent or employee of the owner or owners of the business known as the Red Ball Stage Lines, at the time of the collision in question.

Upon other issues submitted the driver of the car was found guilty of negligence proximately causing the injury, and in favor of appellees upon the issues of contributory negligence and unavoidable accident, and assessed the damages at $500.

At the request of appellant two issues were submitted, as follows:

"(1) In whose employment was Jess English on the date of the collision of the car which he was driving and the car in which the plaintiff was riding?"

"(3) Who owned the car on the 6th day of November, 1924, that collided with the car in which the plaintiff was riding?"

To issue 1 the jury answered, "H. E. English"; issue 3 was answered, "L. Kennedy."

Judgment was rendered in the plaintiffs' favor for $500, from which H. E. English appeals, assigning but one error, which is that the court erred in refusing a peremptory charge in his favor.

The evidence abundantly and without contradiction shows the following facts:

Throughout this and other states various stage lines operate, which have no connection which each other, under the name of Red Ball Stages. Two or three years before the accident appellant and Lum Kennedy each bought an automobile and began operating a stage line between Dallas and Greenville. They adopted the Red Ball name and sign and ran the cars on regular schedules. Business increased and other owners of cars began to run cars on that line under the same name and sign. At the time of the accident appellant, Kennedy, Payton, Miller, and Bowers each owned and operated one or more cars on that line, all cars being known as Red Ball cars and running on schedules assigned to each owner of a car. The evidence wholly fails to show any community of interest in the ownership of the cars or the profits thereof, but it all shows each man individually owned his cars and retained for himself the revenue thereof. In short, each man was an independent operator of his own cars on the schedule assigned to him by the mutual agreement of the parties. There was no participation by one in the profits or losses of the other, nor agreement so to do, and no intention of partnership. Under these circumstances, there was no partnership between the parties. Freeman, etc., v. Huttig, 105 Tex. 560, 153 S. W. 122, Ann. Cas. 1916E, 446; Fink v. Brown (Tex Com. App.) 215 S. W. 846.

The jury found, as all the evidence showed, that Kennedy was the owner of the car which collided with the one in which Mrs. Mills was riding, and the undisputed evidence further shows that the driver, Jess English, was driving the car for Kennedy on that trip for 20 per cent. of the receipts of the trip. There is no support in the evidence for the jury's findings that H. E. English was the sole owner of the business known as the Red Ball Stage Lines operating between Dallas and Greenville, and that Jess English was in the employment of H. E. English upon the occasion of the accident.

[1] The mere use of the name and sign of the Red Ball upon the cars owned by the various parties did not make them partners, nor affect the separate ownership by them of their cars. Martin v. Hemphill (Tex. Com. App.) 237 S. W. 550, 20 A. L. R. 984. It was a mere catchy trade-mark, the same as "Lone Star" and other similar names and designs.

[2] One witness testified that Jess English told him he was driving for appellant on the occasion of the accident. This state-

ment was mere hearsay, and in the absence of other evidence to show prima facie the relation of principal and agent it was not competent proof of such relation and insufficient to prove same. Madeley v. Kellam (Tex. Civ. App.) 135 S. W. 659.

[3-5] We are of the opinion the evidence was insufficient to raise an issue as to a partnership relation between appellant and Kennedy, the owner of the car, or to show that Jess English was in the employment of appellant while driving the car which caused the injury to Mrs. Mills. Nor is there any evidence to raise the first issue submitted by the court. The requested peremptory charge should have been given.

[6] Appellee insists appellant is estopped to question the sufficiency of the evidence to raise these issues and waived his requested peremptory charge by his requested issue No. 1 which the court gave.

The record shows affirmatively that before the court's charge was given appellant filed his written exceptions thereto in which he objected to issue No. 3, in the court's main charge because the whole evidence shows that Jess English was in the employment of Lum Kennedy, and not appellant. It is thus apparent that appellant did not invite the error of the court in submitting the issue of Jess English's employment. The court having decided to submit the issue, appellant had the right to request the submission thereof in what he conceived to be the proper manner, and he is not to be considered as having waived his right to the peremptory charge requested by him. Patton v. Dallas Gas Co., 108 Tex. 321, 192 S. W. 1060; Railway v. Amason (Tex. Civ. App.) 239 S. W. 359; Kampmann v. Mendoza (Tex. Civ. App.) 141 S. W. 161.

[7] The case seems to have been fully developed. The judgment therefore will be reversed and here rendered for appellant. It is so ordered.