## HOLTON v. HUTCHINSON.
### No. 13307.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 24, 1936.

Touchstone, Wight, Gormley & Price and Claude R. Miller, all of Dallas, for appellant.

Storey, Storey & Donaghey, of Vernon, for appellee.

DUNKLIN, Chief Justice.

Clyde Hutchinson instituted this suit to recover damages for personal injuries resulting from a collision between an automobile in which he was riding with a truck alleged to be owned by defendant O. D. Holton and driven by his agent and servant. It was alleged that defendant resided in Collingsworth county, but plaintiff sought to fix venue in Wichita county where the suit was instituted, under subdivision 9 of article 1995, Rev.Civ.Statutes, on allegations that at the time of the collision, which occurred in Wichita county, defendant's agent and servant was driving the truck negligently and in violation of the provisions of the penal statutes of Texas in certain particulars not necessary here to specify.

In reply to defendant's plea of privilege, which was sufficient under the venue statutes, plaintiff filed his controverting affidavit, and after hearing evidence in support thereof, the court overruled the plea of privilege, and defendant has appealed from that ruling.

It is well settled that in order to overcome a plea of privilege in proper

form, the burden is upon plaintiff not only to allege in his controverting affidavit facts showing that the case comes within one of the exceptions to the venue statute, article 1995, but also to introduce evidence sufficient, prima facie, to sustain those allegations. Bryant v. Spear (Tex.Civ. App.) 68 S.W.(2d) 300, and decisions cited; Edwards v. Hawkins (Tex.Civ.App.) 77 S.W.(2d) 1098, and decisions cited.

 Allegations of fact in plaintiff's petition, on which a recovery was sought, were specifically referred to in the controverting affidavit, followed by allegations that the same were true. That was a substantial compliance with the requirements of article 2007, Rev.Civ.Statutes, relating to a controverting affidavit in reply to a plea of venue, and testimony introduced was sufficient to sustain the same.

The principal contention presented here by appellant is that the testimony introduced to prove that defendant was the owner of the truck and that same was being driven by his agent at the time of the accident was hearsay, and therefore was incompetent, citing Seale v. Schultz (Tex.Civ. App.) 3 S.W.(2d) 563; English v. Mills (Tex.Civ.App.) 299 S.W. 342; Webb-North Motor Co. v. Ross (Tex.Civ.App.) 42 S.W.(2d) 1086; 17 Tex.Jur. p. 521.

The following testimony of Earl R. Robinson, who was driving the car in which plaintiff was riding at the time of the accident, is cited in appellant's brief as the only testimony offered to prove defendant's ownership of the truck and the driving of the same by his agent, to wit:

"Q. Did you ever see Mr. Holton—do you know him? A. Yes, sir, I saw him after the accident and in the bank.

"Q. He came in and talked about it? A. Yes, sir, got a statement.

"Q. What did he say with reference to who was driving the truck? I mean at the time of the accident? A. He said that it was his nephew, and the boy told me himself that night of the accident that he was driving for Judge Holton, that he was his uncle.

"Q. And what did O. D. Holton say about it? A. He said that it was his truck and his nephew was driving it, and when he came in and asked about it. Got a statement about the accident next morning."

Defendant did not object to the admission of that testimony.

We believe it clear that testimony to prove admissions, made against interest by a party to a suit, does not come within the inhibition of the hearsay evidence rule. And even though it be said that what the boy told the witness at the time was inadmissible and incompetent, yet the further testimony to the admission made by defendant himself, that he was the owner of the car and that same was driven by his nephew at the time of the accident, was admissible and sufficient, prima facie, to prove that at the time of the collision the nephew was driving the truck as the authorized agent of the defendant. 3 Tex. Jur. § 748, p. 1061; 17 Tex.Jur. § 86, p. 302, and § 60, p. 252.

There is no merit in the further contention that the testimony offered by plaintiff was insufficient to sustain the allegation that the truck was driven at a negligent rate of speed for lack of qualification to give such an estimate and on account of the fact that the witness had been drinking intoxicants before the accident.

All assignments of error are overruled, and the judgment of the trial court is affirmed.