## MRS. BAIRD'S BAKERY v. DAVIS.
### No. 12717.

Court of Civil Appeals of Texas. Fort Worth. Oct. 15, 1932.

Bryan, Stone, Wade & Agerton and O. W. Fannin, all of Fort Worth, and C. T. Gettys, of Decatur, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, and Burch & Woodruff, of Decatur, for appellee.

CONNER, C. J.

This suit was instituted by N. G. Davis against Mrs. Baird's Bakery, a corporation of which Mrs. Baird was president. The plaintiff alleged that about the 14th day of September, 1928, he was driving from Bowie to Fort Worth in a Studebaker automobile owned by him at the time and accompanied by his daughter, Lura Dean Davis; that, while driving upon the public highway, he came to a narrow or one-way bridge, and, after having driven thereon, he met a Graham truck belonging to the Baird Bakery being driven by one V. M. Pope, the agent, servant, or employee of the defendant; that after having advanced at least one-half or two-thirds of the way across the bridge, said Pope drove thereon at a rate of speed of 15 miles an hour, with full knowledge of the fact that plaintiff was advancing and knowing that a collision would occur, and which in fact did occur by reason of the negligence of said Pope in driving the truck onto the bridge while plaintiff was advancing thereon. Plaintiff alleged that he, in the exercise of due care and when he saw the driver of the truck who was driving onto the bridge, began immediately to

apply the brakes on his car to avoid the collision, but was unable to do so.

As a result of the collision alleged, it was charged that the car was practically destroyed and his daughter injured in the particulars set forth in the petition; and he prayed for damages in the total sum of $1,-504.

The case was submitted to a jury on special issues. Issue No. 1 is in the following terms: "Was the defendant negligent in driving onto the bridge in question at the time. alleged in plaintiff's petition, if he did drive onto said bridge? Answer yes or no."

To this issue the jury answered "Yes."

Other findings are to the effect that such negligence was the proximate cause of plaintiff's damages. The findings of damages were in specific amounts to the plaintiff's car and for loss of time in its use; for transportation of his daughter to Harris' Hospital; for the amount paid Dr. Clark of Bowie for treatment of his daughter; and the amount paid by the plaintiff to Harris' Hospital for medical attention, hospital bills, nurse's hire, etc., aggregating, as shown in the court's judgment, the total sum of $314.50. .From this judgment the defendant has duly prosecuted this appeal.

Error is assigned to the refusal of the court to give a peremptory instruction. Under this assignment it is insisted that there was no proof that the truck belonged to the defendant or that the driver was the agent or employee of defendant or at the time was engaged in the discharge of his duties as such agent. The testimony relating to this issue was that given by plaintiff. He testified that: "On the front of the truck, on the front of the cab I guess you would call it, was 'Mrs. Baird's Bakery'. That was all that was on the truck."

At another place in his testimony he stated that the sign on the truck was "Mrs. Baird's." This is all the testimony relating to the subject.

█ A familiar rule of evidence generally speaking is that the failure of a party to an action to testify raises a strong presumption against him in many cases, and this is especially true where he fails or refuses to testify and disclose a fact exclusively within his knowledge and presumptively not in the knowledge of his opposing antagonist. See 17 Texas Jurisprudence, p. 308, § 88, and authorities there cited.

██ The jury are authorized to draw all lawful conclusions from facts proven in the effort to arrive at a verdict, and, when it is considered that designation of the names shown upon commercial trucks are familiar and generally indicate ownership, and when it is further considered that the truck at the time was being driven during business hours

and in trade territory, and also that the defendant, in whose breast rests the actual knowledge of the truck's ownership and its mission, refuses to testify, deny, or disprove the legitimate inferences to be drawn from the name and signs shown, we are not prepared to say that prima facie evidence at least was not presented, and hence the court was required to submit the issue to the jury and properly refused the peremptory instruction.

In the case of Globe Laundry v. McLean, 19 S.W.(2d) 94, it was held by the Beaumont Court of Civil Appeals that testimony that defendant's insignia was printed on the truck striking the plaintiff, when uncontradicted and unexplained by defendant, was sufficient to raise the inference that defendant owned the truck and that it was being operated by one of its servants in the ordinary discharge of his employment. See, also, Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 299 S. W. 665; Oil Belt Power Co. v. Touchstone (Tex. Civ. App.) 266 S. W. 432, loc. cit. 440; Barron v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464, loc. cit. 467.

█ What we have said renders it apparent that issue No. 1, hereinbefore quoted, was on the weight of the evidence and objectionable upon this ground. By referring to the issue it will be seen that the court assumes that the truck belonged to the defendant. The ownership of the car was a material issue and the case having been submitted to the jury, the determination was for the jury uninfluenced by the court's opinion.

█ The plaintiff's testimony relating to the element of his damage is to the effect that he "paid" Dr. Clark of Bowie for treating the injuries to his daughter, "$25"; "$48" to Harris Hospital for hospital bills and nurse's hire; and "$5" for transportation to Harris Hospital. There was no testimony whatever showing or tending to show that the services thus paid for were reasonable, and the several special issues embodying these special charges were objected to on the ground that there was no proof that the charges made and services performed were reasonable and there are no findings that they were so. Nor was it alleged or proven that plaintiff's daughter was a minor, dependent upon him, or that plaintiff was otherwise liable for charges made on her account for hospital fees, etc. The familiar rule relating to the subject is thus stated in 13 Texas Jurisprudence, p. 468, § 272:

"In a proper case the court may authorize the jury in awarding damages, to consider reasonable charges or expenses incurred or paid by the plaintiff for medical, surgical, hospital or nursing services and for medicines. To justify an instruction on this subject, such expenses must be claimed in

the petition, and the evidence must show not only that expenses were incurred or paid, and the amount thereof, but also that they were reasonable and necessary in view of the nature of the injury and the attending circumstances."

We conclude that the judgment below must be reversed and the cause remanded for another trial.