## AUSTIN BROS. v. SILL.

No. 3243.

Court of Civil Appeals of Texas. El Paso.
May 16, 1935.

Rehearing Denied June 6, 1935.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

John T. Buckley, of Longview, for appellee.

PELPHREY, Chief Justice.

Appellee brought this suit against appellant in the district court of Gregg county, Tex., seeking to recover for personal injuries alleged to have been received in a collision between his car and a truck belonging to appellant on the highway between the towns of Longview and Gladewater, Tex.

Appellant duly filed a plea of privilege to be sued in Dallas County, Texas. Appellee filed his affidavit controverting said plea, and upon hearing the trial court overruled the plea of privilege and from such action this appeal has been prosecuted.

*Opinion.*

Appellant presents three assignments of error in his brief with an equal number of propositions.

The first proposition questions the sufficiency of the evidence to show that the truck involved in the collision belonged to appellant; that the driver thereof was an employee of appellant; or that the driver was engaged in appellant's business.

The second and third assignments and accompanying propositions relate to the admissibility of evidence by appellee as to statements made to him by an alleged foreman of appellant.

Under the view we take of the question, a discussion of the latter propositions would be unnecessary.

■ To maintain venue in a suit where a plea of privilege has been filed by the defendant, all that is required of the plaintiff is to make out a prima facie case, and if the evidence here is sufficient to support a finding in favor of plaintiff in the absence of any evidence by defendant, then the court properly overruled the plea of privilege.

In Globe Laundry v. McLean, 19 S.W. (2d) 94, the Beaumont Court of Civil Appeals held that the fact that defendant's name was printed on its truck, uncontradicted and unexplained by it, was sufficient to raise the inference that it owned the truck and that it was being operated by one of. its servants in the ordinary discharge of the duties of his employment. The decision was cited with approval by the Fort Worth Court in Mrs. Baird's Bakery v. Davis (Tex. Civ. App.) 54 S.W. (2d) 1031, 1032. In that case Chief Justice Conner said: "The jury are authorized to draw all lawful conclusions from facts proven in the effort to arrive at a verdict, and, when it is considered that designation of the names shown upon commercial trucks are familiar and generally indicate ownership, and when it is further considered that the truck at the time was being driven. during business hours and in trade territory, and also that the defendant, in whose breast rests the actual knowledge of the truck's ownership and its mission, refuses to testify, deny, or disprove the legitimate inferences to be drawn from the name and signs shown, we are not prepared to say that prima facie evidence at least was not. presented. * * *"

This statement was in response to the claim by appellant that there was no proof that the truck belonged to defendant or that the driver was the agent or employee of defendant, or at the time was engaged in the discharge of his duties as such agent or employee.

In Edgeworth v. Wood, 58 N. J. Law, 463, 33 A. 940, 942, one of the cases cited by the Beaumont court in Globe Laundry v. McLean, supra, the court said: "All the witnesses who saw the accident and noticed the wagon which ran over plaintiff unite in declaring that it was painted as were the wagons of the company, and that it was marked with the company's name and device. Considering the great improbability that any other owner of a wagon would thus paint and mark it, a plain inference could ·be drawn from the evidence that the wagon in question was in the ownership of the company. If that inference be drawn, it is sufficient to establish prima facie that the wagon, being owned by the company, was in its possession, and that whoever was driving it was doing so for the company."

In Barron v. Texas Employers' Ins. Ass'n, 36 S.W.(2d) 464, 467, Section B of the Commission, in discussing the sufficiency of evidence to show that the association had ever issued a policy to Barron's employer, said: "We think the circumstances above recited, independent of the testimony to which objection was made, were at least sufficient to prima facie show that defendant in error had issued a policy of insurance to the Atlantic Production Company covering its employees, as very slight evidence should be held sufficient to establish such fact since an insurance company is in position to show conclusively by its records whether 'such policy has in fact been issued, and it fails to do so. Its failure to offer such evidence in the face of the showing made may be considered as strongly corroborative of the fact that such policy has in fact been issued."

■ The evidence here showing that Austin Bros.' name was on the truck which collided with appellee, we have concluded that there was a sufficient showing to make a prima facie case of liability against appellant, and that there was no error on the part of the trial court in overruling appellant's plea of privilege. The judgment is accordingly affirmed.

On Motion for Rehearing.

■ Appellant in this motion raises the question that there is no testimony of negligence on the part of appellant which would be necessary to show a cause of action in Gregg county.

The only proposition relating to the assignment, attacking the court's action in overruling appellant's plea of privilege, reads: "The plaintiff having sought to maintain venue in Gregg County, Texas, against the. defendant, Austin Brothers, a corporation, domiciled in Dallas County, Texas, upon allegations that an employe of the defendant, driving one of its trucks in a negligent manner, inflicted injuries upon plaintiff and there being no competent testimony offered at the hearing on the plea of privilege to prove either that the motor truck alleged to have inflicted

the injuries on plaintiff was owned by the defendant, or that the driver thereof was an employe of the defendant, or that such driver if he was an employe of the defendant was in the course of his employment, the plaintiff failed to discharge the burden imposed upon him by law to overcome the defendant's plea of privilege to transfer the cause to Dallas County."

Appellant attempts now to advance reasons not included in its proposition presented in its brief. This it cannot do. Texas Employer's Ins. Ass'n v. Haney (Tex. Civ. App.) 28 S.W.(2d) 850; Employer's Reinsurance Corp. v. Brock (Tex. Civ. App.) 74 S.W.(2d) 435.

We are unable to construe the cases cited as does appellant. These cases, while they hold that certain facts were sufficient to make out a prima facie case, do not, in our opinion, pass upon the question which we had before us in this case, and we fail to find such a conflict as would call for a certification of the question.

The motion is overruled.