**CLAY v. MOORE.**

No. 13433.

Court of Civil Appeals of Texas. Dallas.

Oct. 15, 1943.

Rehearing Denied Nov. 12, 1943.

Jimmie Cunningham, of Lubbock, for appellant.

Marion B. Solomon, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from a judgment overruling appellant's plea of privilege. The suit involves an agreement in all material respects identical with the agreement which was before this Court on a similar appeal, Port Iron & Supply Co. v. Casualty Underwriters, 118 S.W.2d 627; and relates to a judgment rendered in a class suit in the District Court of Travis County, Texas, establishing assessment liability of all subscribers, including appellant, of Casualty Underwriters, an insolvent reciprocal insurance exchange. That judgment was attacked by 6,508 of such subscribers in suit of Gray et al. v. Moore, Tex.Civ.App., 172 S.W.2d 746, writ of error refused, the opinion fully disclosing the facts of that suit, in which the Amarillo Court of Appeals affirmed the trial court in refusing to set aside the judgment. The liability of appellant perforce of the judgment is not involved in this appeal, and whatever defense he may have to the judgment assessing liability against him, if not foreclosed thereby, goes to the merits of the suit. The contract or agreement involved here was not terminated, canceled, or rescinded by the judgment of the District Court of Travis County, and is not res adjudicata to the venue question. The subscribers' agreement provides that their subscriptions shall be made and payable in Dallas, Texas, and its terms import a valid obligation and an undertaking to perform the obligation in Dallas County. These facts of themselves fix the venue of the action. Subdivision 5, Art. 1995, Vernon's Ann.Civ.St.

The primary issue raised in this appeal is that of non est factum, putting the burden on the plaintiff to prove due execution of the subscribers' agreement, the true basis of the suit. We think plaintiff's proof was prima facie sufficient for the trial court's determination of the issue, and it having been determined in favor of plaintiff, such finding is binding upon this Court. It is never necessary for a venue fact to be proven with exact certainty, as in trial on the merits; prima facie proof being sufficient. If the evidence fairly raises the issue, a judgment may not be disturbed because the party on whom the burden rests may have established by other and better proof the controversial venue issue. There is testimony in the record that applications for insurance under the terms and conditions of the subscribers' agreement bear the signature of F. H. Clay; that witness was familiar with Clay's signature and that it was genuine; that defendant received from Casualty Underwriters a workman's compensation policy, also a public liability policy, each executed

in keeping with the agreement; that premiums therefor were paid as they became due; that payroll reports of F. H. Clay were received by the Casualty Underwriters, audited, bills for premiums calculated thereon, the reports forwarded to the defendant and duly paid. Clay's notice to the Industrial Accident Board that he had become a subscriber to Underwriters' agreement was introduced without objection, bearing his apparent signature, as appears on his audit and agreement. It is hardly debatable that the subscribers' agreement established prima facie at least that such agreement, forming the basis for the issuance of the insurance policies, brings its binding force under the venue statute.

We have carefully considered all assignments presented by appellant, they are overruled, and the judgment of the court below affirmed.

Affirmed.