**AUSTIN ROAD COMPANY et al.,**
Appellants,

v.

George W. WILLMAN et al., Appellees.

No. 15825.

Court of Civil Appeals of Texas.

Fort Worth.

May 31, 1957.

Rehearing Denied June 28, 1957.

Bondies & Flahive, Dallas, Vinson, Elkins, Weems & Searls, and Thomas B. Weatherly and Gaius G. Gannon, Jr., Houston, for appellants.

Stanley F. Swenson, Houston, for appellees.

RENFRO, Justice.

Plaintiffs, George W. Willman and wife, Esterrea Willman, sued Jerry B. Williams and Austin Road Company for damages for personal injuries sustained when their car was struck in the rear by a truck driven by Williams. Suit was brought in Fort Bend County. Each defendant filed a plea of privilege to be sued in Dallas County. The pleas were controverted, and, after hearing, both pleas were overruled.

The sufficiency of the controverting affidavit is not questioned.

In their first two points of error the defendants contend there was no evidence and insufficient evidence proving that Williams was guilty of actionable negligence.

Plaintiff Willman was still in the hospital at the time of the hearing and did not testify.

Mrs. Willman testified she was riding with her husband when the accident occurred. They were on their way from Houston to San Antonio. Her husband was driving. She did not see the truck before the accident. She did not notice any cars passing just prior to the accident.

Witness Rundel, of the Department of Public Safety, testified he arrived at the scene seven minutes after the accident. The accident occurred on Highway No. 59 or 90-A, near the approach to Sugarland. Defendant Williams told the witness he was driver of the truck. Williams told the witness he was following plaintiffs' car, that as another car passed plaintiffs' car it cut in front of plaintiffs' car, causing plaintiffs to decrease their speed; that he was unable to stop and ran into the back of plaintiffs' car. The witness found skid marks of the truck approaching the apparent point of contact with plaintiffs' car, on the right hand side of the road. The truck's skid marks left the pavement on the right hand side, traveled down the shoulder of the road for some distance, came back up on the roadway and crossed the line marker of the roadway, then back to the right and came to a stop on the shoulder. The skid marks of plaintiffs' car started in the vicinity of the debris, angled to its left into the esplanade, skidded into a palm tree, then careened into another palm tree. The right rear fender of plaintiffs' car had been pushed forward. Witness found heavy paint flakes on the front bumper of the truck and on the bars of the grill guard of the truck. The paint flakes were the same color as the color of plaintiff's car. Based on examination of the physical evidence, the witness was of the opinion the truck struck plaintiffs' car from the rear, knocking it out of plaintiffs' control. He estimated, from his examination, that at the time of impact plaintiffs were traveling 50 miles per hour. He saw no evidence of skid marks from plaintiffs' car except from the point of impact forward.

The defendants offered no evidence.

To maintain venue when a defendant has filed a plea of privilege, all the plaintiff is required to do is make out a

prima facie case, and if the evidence is sufficient to support a finding in favor of the plaintiff in the absence of any evidence by the defendant, then it is proper to overrule the plea of privilege. Austin Bros. v. Sill, Tex.Civ.App., 83 S.W.2d 716; Stephens v. Coppock, Tex.Civ.App., 212 S.W.2d 879; Clay v. Moore, Tex.Civ.App., 175 S.W.2d 433; Holton v. Hutchinson, Tex.Civ.App., 90 S.W.2d 1103.

■ The evidence as to point of impact, skid marks, damage to the respective vehicles, the course and distance traveled by each after the impact, the other physical facts testified to by the officer, the statement by Williams to the officer that he ran into the plaintiffs' car, and evidence from which the court could infer that plaintiffs' car was in its proper lane of travel proceeding at a speed of about 50 miles per hour when the car was hit in the rear by the truck were, in our opinion, sufficient to raise issues as to one or more of the thirteen acts of negligence alleged by plaintiffs.

■ The evidence of the physical facts was of some probative force. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Chapman v. Evans, Tex.Civ.App., 186 S.W.2d 827.

■ Both negligence and proximate cause may be inferred from circumstances. Bock v. Fellman Dry Goods Co., Tex.Com. App., 212 S.W. 635; Renshaw v. Countess, Tex.Civ.App., 289 S.W.2d 621.

Under the record, and bearing in mind the defendants offered no evidence, we are of the opinion the trial court as trier of the facts could reasonably infer from all the circumstances that defendant Williams was negligent and that such negligence was a proximate cause.

■ A person exercising ordinary care in the operation of an automobile on a public highway does not ordinarily overtake and collide with another vehicle traveling on the proper side of the road and at a reasonable speed. Edwards v. Hawkins, Tex.

Civ.App., 77 S.W.2d 1098; Denham v. Smith, Tex.Civ.App., 258 S.W.2d 419. The evidence was such as to justify the trial court in finding that plaintiffs were traveling at a reasonable speed on the proper side of the highway when the truck overtook and collided with their car. In the absence of any evidence by defendants the court could reasonably infer that defendant Williams was negligent on the occasion and such negligence was a proximate cause of the collision.

Only venue was involved in the hearing. The order overruling the pleas of privilege involved a finding that plaintiffs made a prima facie showing of venue in Fort Bend County. The defendants did not introduce any testimony. We think the evidence presented was sufficient, under the provisions of Art. 1995, subd. 9a, Vernon's Ann.Civ.St., to support the findings of the trial court.

■ Defendant Austin Road Company contends the evidence was insufficient to prove that defendant Williams was its employee, acting within the scope of his employment.

The evidence showed the truck driven by Williams bore the printed sign, Austin Road Company. The registration papers carried on the truck were made out to Austin Road Company, Dallas, Texas.

Under the authorities, the above evidence, uncontradicted and unexplained by defendant, raised the presumption that the Austin Road Company owned the truck and that defendant Williams was operating said truck in the course of his employment for defendant Austin Road Company. Freeman v. Texas Bread Co., Tex.Civ.App., 111 S.W.2d 307; Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031; Austin Bros. v. Sill, Tex.Civ.App., 83 S.W. 2d 716; Globe Laundry v. McLean, Tex. Civ.App., 19 S.W.2d 94; R. G. Duke & Son v. Burk, Tex.Civ.App., 233 S.W.2d 617.

The judgment of the trial court is affirmed.