**TRIANGLE TRUCK LINE, INC., et al.,**
Appellants,

v.

**Bert R. KELLEY, Appellee.**

No. 3845.

Court of Civil Appeals of Texas.

Waco.

Feb. 16, 1961.

Tom Alexander Butler, Binion, Rice & Cook, Houston, for appellant.

Funderburk, Murry & Ramsey, Houston, for appellee.

WILSON, Justice.

Appeal from order overruling plea of privilege, in answer to which plaintiff's controverting plea sought to hold venue under Subd. 9a, Art. 1995, Vernon's Ann.Tex. Stats. Various acts and omissions of defendants were alleged to constitute negligence and proximate cause of plaintiff's damages resulting from an automobile collision.

The court found from a preponderance of the evidence that defendants' truck was being driven at an excessive rate of speed, that the driver failed to apply his brakes, and failed to turn the truck to the left; that this conduct was negligence proximately causing plaintiff's damage.

Defendant-appellant says there is insufficient evidence, or none, to support the findings.

The evidence shows the accident occurred within the city limits of Angleton on a multi-laned highway. In making a left turn across the highway to enter a filling station, plaintiff's car collided with defendants' truck approaching from the opposite direction. There was evidence that the truck was "running between 35 to 40 miles an hour, if not a little better" in a 30 mile speed zone; that its speed was 30 to 35 miles per hour "just before the collision"; that as the truck approached it "seemed to be kind of shimmying and the driver was stooped down"; that the truck horn was blown twice before impact; that the truck brakes were not applied, and its speed was not reduced until three or four feet before impact; that plaintiff's car was struck midway between front and rear fenders; that there was no other traffic or anything else in the area to prevent the truck from being turned to the left; that the truck continued straight without effort being made to turn it. Defendants offered no evidence.

Although there was evidence from which the court might have been justified in find-ing to the contrary, the evidence amply sustains the findings made. Appellants' points are overruled. Clifton v. Koontz, Tex.Sup., 325 S.W.2d 684, Syl. I; Jess Edwards, Inc. v. Foley, Tex.Civ.App., 321 S.W.2d 328; Jones v. Scott, Tex.Civ.App., 266 S.W.2d 534, 537, writ ref. n. r. e. Affirmed.