**PLAINS TRANSPORT, INC., Appellant,**

v.

**Florence PARKER, Appellee.**

**PLAINS TRANSPORT, INC., Appellant,**

v.

**James FULFORD, Appellee.**

**PLAINS TRANSPORT, INC., Appellant,**

v.

**Lewis SIMMONDS, Appellee.**

**PLAINS TRANSPORT, INC., Appellant,**

v.

**Merlin HOBBS, Appellee.**

**No. 7161.**

Court of Civil Appeals of Texas.

Amarillo.

June 18, 1962.

Rehearing Denied Sept. 4, 1962.

Crenshaw, Dupree & Milam; Blanchard & Clifford, Lubbock, for appellant.

Hackney & Crawford, Brownfield, Stubbeman, McRea, Sealy & Laughlin, Midland, for appellees.

NORTHCUTT, Justice.

All of the above mentioned cases were tried upon one statement of facts, and the disposition here made in the Parker Case applies to each and all of the above designated cases, since the same questions are involved in each of them. The plaintiff will hereinafter be referred to as appellee and the defendant as appellant.

This is a Plea of Privilege case under the negligence exception (Subdivision 9a) of the Venue Statute, and the corporation exception (Subdivision 23) of the Venue Statute.

The appellee herein, is the widow of a volunteer fireman who suffered fatal injuries at the scene of a fire and explosion in Terry County, Texas, just south of Brownfield, Texas, where he went, in his capacity as a volunteer fireman. Appellee brought a common law action for damages in Terry County against appellant, Plains Transport, Inc., allegedly sustained as a result of the explosion and due to the negligence of appellant's employees in the manner of driving the transport truck which exploded, and in the construction of the transport trailer involved, in general.

Appellant duly filed its plea of privilege to be sued in Lubbock County, Texas, the County of its residence and domicile, which plea was controverted. Upon hearing of the plea of privilege, the trial court overruled the appellant's plea from which order the appellant prosecuted this appeal.

The appellant presents this appeal upon four points of error contending the trial court erred in overruling appellant's plea of privilege because appellee failed to prove a cause of action against appellant; because appellee failed to prove, by preponderance of the evidence, that any act or omission of negligence occurred in Terry County, where suit was filed; that appellee failed to prove, by preponderance of the evidence, that any act or omission of negligence was committed by appellant's employee and appellee failed to prove, by preponderance of the evidence, that there was any act of negligence by appellant's employee, which was a proximate cause of appellee's injuries. Appellant presented all of its points together since all points relate to the sufficiency and weight of the evidence, if any, that appellant's employees were guilty of acts of negligence proximately causing injuries to the appellee.

Appellee seeks to retain venue in Terry County, where the action occurred, under Subdivision 23 and/or 9a of Article 1995, Vernon's Ann.Texas Statutes. Under Subdivision 23 appellee could maintain the suit in Terry County by pleading and proving

the cause of action or a part thereof arose in that county. Under Subdivision 9a appellee could maintain suit in Terry County by establishing that an act or omission of negligence occurred in Terry County; that such act or omission was that of the defendant, in person, or that of its servant, agent or representative acting within the scope of his employment, and that such negligence was a proximate cause of appellee's injuries.

We are of the opinion the sole question here to be determined is did the appellee introduce sufficient evidence to prove negligence and that such negligence was a proximate cause of appellee's injuries. There is no question but what Ruben Thomas Johnson was an agent of the appellant and if there was any negligence it certainly was in Terry County where the suit was filed. In determining if the court had sufficient evidence before it to hold that the plaintiff had sustained the burden of proof as to negligence and proximate cause, we list a part of the evidence introduced.

The witness, Serpa, testified he and Johnson were traveling in convoy because appellant's transport had no spare tire; that he had driven heavy trucks for the past 15 years; that their average speed from Hobbs to Brownfield was 45 mph; that they traveled 300 yards and up apart; that a safe distance for butane transports at 35 to 40 mph would be 500 yards apart; that when Serpa was 200 yards from the intersection where the collision occurred Johnson was 300 yards behind him; that when Serpa entered the intersection Johnson had closed in and was within 150 to 200 yards from him; that he was driving his transport approximately 35 mph, or right in there when he passed the intersection where appellant's transport and the pickup collided; that as he went through the intersection and was 100 to 150 yards beyond he saw Johnson and a pickup come together in the intersection; that it don't take long to stop when driving at 35 mph and you can stop within 60 to 70 feet. We are of the opinion this is sufficient evidence to sustain a holding that Johnson was

driving at an excessive rate of speed under the circumstances and also in excess of the 45 mph limitation, and was negligent.

State Highway Patrolman Jackson testified he was called to the scene of the accident and arrived in 5 or 6 minutes; that when he got there traffic had been stopped and was being routed around the accident scene; that the area of the accident was blocked off; that he found skid marks; that he found dug up asphalt at the point of the impact; that the truck cab and pickup were both red; that he found red paint from the pickup on the bumper of the truck tractor; that he found skid marks left by two dual wheels of the truck, left side of the truck, 53 feet in length; that the skid marks started about 83 to 84 feet from the point of impact. This testimony is sufficient to sustain a holding of defective brakes, and taken in connection with the evidence of Serpa would sustain a holding as to excessive speed under the circumstances. There was other evidence not here set out.

It is stated in the case of Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, by the Supreme Court as follows:

"It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex. Civ.App., 43 S.W.2d 642 (wr.ref.); Henry v. Publix Theatres Corp., Tex. Civ.App., 25 S.W.2d 695 (wr.ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301 [T.R.C.P.], therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

In this case the judge heard the evidence without a jury and his findings would be

given the same effect as the findings of a jury.

See also the case of Austin Road Company et al. v. Willman et al., Tex.Civ.App., 303 S.W.2d 878 as it is stated:

"To maintain venue when a defendant has filed a plea of privilege, all the plaintiff is required to do is make out a prima facie case, and if the evidence is sufficient to support a finding in favor of the plaintiff in the absence of any evidence by the defendant, then it is proper to overrule the plea of privilege. Austin Bros. v. Sill, Tex.Civ. App., 83 S.W.2d 716; Stephens v. Coppock, Tex.Civ.App., 212 S.W.2d 879; Clay v. Moore, Tex.Civ.App., 175 S.W. 2d 433; Holton v. Hutchinson, Tex.Civ. App., 90 S.W.2d 1103.

"The evidence as to point of impact, skid marks, damage to the respective vehicles, the course and distance traveled by each after the impact, the other physical facts testified to by the officer, the statement by Williams to the officer that he ran into the plaintiffs' car, and evidence from which the court could infer that plaintiffs' car was in its proper lane of travel proceeding at a speed of about 50 miles per hour when the car was hit in the rear by the truck were, in our opinion, sufficient to raise issues as to one or more of the thirteen acts of negligence alleged by plaintiffs.

"The evidence of the physical facts was of some probative force. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Chapman v. Evans, Tex.Civ.App., 186 S.W.2d 827.

"Both negligence and proximate cause may be inferred from circumstances. Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635; Renshaw v. Countess, Tex.Civ.App., 289 S.W.2d 621.

"Under the record, and bearing in mind the defendants offered no evidence, we are of the opinion the trial court as trier of the facts could reasonably infer from all the circumstances that defendant Williams was negligent and that such negligence was a proximate cause."

Taking the evidence introduced and the circumstances proven, we are of the opinion there was sufficient evidence to raise issues as to one or more of the 28 acts of negligence alleged, and that the judgment of the trial court should be sustained. Judgment of the trial court is affirmed as to all the above mentioned cases.