**PIONEER NATURAL GAS COMPANY,**
Appellant,

v.

**Dena Nevil MYRICK et al., Appellees.**

No. 7267.

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1963.

Rehearing Denied Sept. 3, 1963.

Gibson, Ochsner, Harlan, Kinney & Morris, K. B. Watson, Amarillo, for appellant.

Simon & Simon, Fort Worth, Stovall & Stovall, Floydada, for appellees.

NORTHCUTT, Justice.

This is a venue case. Dena Nevil Myrick, et al., as plaintiffs brought this suit in the District Court of Floyd County against Pioneer Natural Gas Company, a corporation, as defendant to recover damages for the death of Henry D. Myrick. Pioneer Natural Gas Company filed its Plea of Privilege seeking to remove the case to Potter County where it maintains its main office. The plaintiffs filed their controverting plea seeking to hold venue in Floyd County under Sections 9a and 23 of Article 1995 T.R.C.S. After a hearing on the plea, the trial court overruled the Plea of Privilege and it is from that ruling the defendant perfected this appeal. Hereafter plaintiffs will be referred to as appellees and the defendant as appellant. Appellant presents this appeal upon one point of error contending the appellees failed to prove the facts necessary to sustain venue in Floyd County under any exception of Article 1995, Vernon's Annotated Texas Civil Statutes. Since we are of the opinion appellees were entitled to maintain venue in Floyd County under Section 23 of Article 1995, we will limit our discussion to that exception. It is there provided that suits against a corporation may be brought in the county in which the cause of action or a part thereof arose; or in the county in which the plaintiff resided at the time of the cause of action or a part thereof arose, provided such corporation has an agency or representative in such county.

Some of appellees resided in Floyd County at the time in question. It was stipulated that appellant was a corporation. Ralph Mardis was the agent and representative of appellant in Floyd County at the time in question. Then the only thing to be determined is whether there was sufficient proof that the cause of action or a part thereof arose in Floyd County. In other words, did appellees introduce sufficient evidence to prove negligence and such negligence was a proximate cause of the injuries alleged. Menefee Street, where this action happened, had been a through street but had been changed whereby anyone traveling the street to reach the highway had to make a left angle turn and leave Menefee Street as the change had made Menefee Street a dead-end street.

On the night in question Henry Myrick was backing his car on Menefee Street to make a turn and backed into and against the gas meter, breaking the same and causing gas to escape and the gas caught fire and Myrick was burned from which burns he died a few days later. Appellees alleged appellant was negligent in locating and maintaining the gas meter adjacent to or in close proximity to the King's driveway as to create a dangerous hazard; in locating and maintaining such gas meter and so situated with reference to Menefee Street as to create a hazard; in failing to place a guard around the meter for protection of the traffic public; in failing to properly install the meter; in failing to place any visible warning devices upon the gas meter; in failing

to relocate the meter after the change in the street; in locating the meter in a manner hazardous to the general public; in failing to provide a light or illuminous markings to make the meter visible to persons traveling and driving so they could avoid contact with the same and the manner in which the meter was constructed and located created a nuisance per se and was in violation of appellant's duty to the deceased and/or the traffic public and that the creation of such nuisance was an act of negligence per se which was a proximate cause of the injuries.

There was testimony that there was no sidewalk at the place in question but the meter was located in the area between the street and the sidewalk, if there had been a sidewalk. When the street was first changed several people each day would start down Menefee Street and have to back out but later there were not many making the mistake; the meter had been knocked down once before; one witness had placed rocks at the meter to keep persons from backing into it; two witnesses testified as to the dangerous condition where it was located; there were no signs to notify anyone of its location and no guards were placed around it. There were pictures showing the conditions of the street and meter as located. The appellant offered no evidence, only such as was produced by cross examination of appellees' witnesses.

We held in Plains Transport, Inc. v. Parker, Tex.Civ.App., 359 S.W.2d 556 (writ dismissed) as follows:

"It is stated in the case of Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, by the Supreme Court as follows:

" 'It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex.Civ. App., 43 S.W.2d 642 (wr. ref.) ; Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d 695 (wr. ref.). The jury is

thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, [T.R. C.P.] therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same.'

"In this case the judge heard the evidence without a jury and his findings would be given the same effect as the findings of a jury.

"See also the case of Austin Road Company et al. v. Willman et al., Tex. Civ.App., 303 S.W.2d 878 as it is stated:

" 'To maintain venue when a defendant has filed a plea of privilege, all the plaintiff is required to do is make out a prima facie case, and if the evidence is sufficient to support a finding in favor of the plaintiff in the absence of any evidence by the defendant, then it is proper to overrule the plea of privilege. Austin Bros. v. Sill, Tex.Civ.App., 83 S.W.2d 716; Stephens v. Coppock, Tex.Civ.App., 212 S.W.2d 879; Clay v. Moore, Tex.Civ.App., 175 S.W.2d 433; Holton v. Hutchinson, Tex.Civ.App., 90 S.W.2d 1103.

" 'The evidence as to point of impact, skid marks, damage to the respective vehicles, the course and distance traveled by each after the impact, the other physical facts testified to by the officer, the statement by Williams to the officer that he ran into the plaintiffs' car, and evidence from which the court could infer that plaintiffs' car was in its proper lane of travel proceeding at a speed of about 50 miles per hour when the car was hit in the rear by the truck were, in our opinion, sufficient to raise issues as to one or more of the thirteen acts of negligence alleged by plaintiffs.

" 'The evidence of the physical facts was of some probative force. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Chapman v. Evans, Tex.Civ.App., 186 S.W.2d 827.

" 'Both negligence and proximate cause may be inferred from circumstances. Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635; Renshaw v. Countess, Tex.Civ.App., 289 S.W.2d 621.

" 'Under the record, and bearing in mind the defendants offered no evidence, we are of the opinion the trial court as trier of the facts could reasonably infer from all the circumstances that defendant Williams was negligent and that such negligence was a proximate cause.' "

See also Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675 (opinion adopted by Sup.Ct.).

Considering the evidence introduced and the circumstances proven, we are of the opinion there was sufficient evidence to sustain the holding of the trial court. Judgment of the trial court is affirmed.