Carl B. HARBER and Joseph E. Caskey, Jr., Appellants,

v.

John SWITZER, Appellee.

No. 7603.

Court of Civil Appeals of Texas.

Amarillo.

May 9, 1966.

Rehearing Denied June 13, 1966.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellants.

Fitzjarrald & Poole, Amarillo, for appellee.

DENTON, Chief Justice.

This is an appeal from the order of the trial court overruling the defendants' plea of privilege to be sued in Hutchinson County, Texas, the county of their residence. John Switzer filed suit for personal injuries suffered as a result of an automobile-truck collision which occurred in Gray County, where this suit was filed. Plaintiff's controverting affidavit sought to hold venue in Gray County under Section 9a of Article 1995, Vernon's Ann.Civ.St. Various acts and omissions of defendants were alleged to constitute negligence and proximate cause of plaintiff's injuries resulting from the collision. The defendants contend there is no evidence and insufficient evidence to support the implied findings of negligence and proximate cause.

■ There being no findings of fact or conclusions of law, it is presumed the trial court found all fact issues raised by the evidence in favor of the judgment. In determining the sufficiency of the evidence to support the trial court's judgment, it is our duty to examine the testimony in the light most favorable to appellee and to indulge every reasonable inference in support of the judgment. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. Appell Petroleum Corporation v. G. W. Townsend Lease Service (Tex.Civ.App.), 375 S.W.2d 547.

The collision occurred at the intersection of U. S. Highway 66 and State Highway 273 just west of the city limits of McLean, Gray County, Texas. It was stipulated the truck being driven by defendant Caskey was owned by defendant Harber; and that Caskey, Harbor's employee, was in the course of his employment. Switzer, the plaintiff, was a passenger in an automobile driven by Robert McDonald, who was killed in the collision. The car was proceeding west on U. S. 66 while the truck was proceeding south on State 273. A stop sign faced traffic proceeding south on State 273; and a hanging traffic light was in the center of that intersection. The light flashed red for State 273 traffic and an amber light for U. S. 66 traffic. U. S. 66 was the through highway. The investigating highway patrolman and plaintiff were the only witnesses at the hearing below. The defendants offered no evidence. The patrolman testified Caskey told him at the scene he "pulled up to the stop sign and stopped and he let one car go by, one car traveling west; he was traveling south, and he pulled up and stopped and let a car go by, and then he pulled out in the intersection". The patrolman further testified "I believe he (Caskey) said he didn't see him". It is undisputed there was nothing to obstruct Caskey's vision for some 400–500 feet in the direction from which the McDonald automobile was approaching the intersection.

■ To maintain venue when a defendant has filed a plea of privilege, all the plaintiff is required to do is to make out a prima facie case, and if the evidence is sufficient to support a finding in favor of the plaintiff in the absence of any evidence offered by the defendant, it is proper to overrule the plea of privilege. Austin Road Company v. Willman (Tex.Civ.App.), 303 S.W.2d 878; Plains Transport, Inc. v. Parker (Tex.Civ.App.), 359 S.W.2d 556. (Writ Dis.)

■ In facing the stop sign upon his approach to U. S. 66, Caskey's duty is determined by the provisions of Section 73(b) Article 6701d, Vernon's Annotated Civil Statutes. This section of the statute not only required Caskey to stop, but it requires that he "shall proceed cautiously, yielding to vehicles not so obligated to stop which are within the intersection or are approaching so closely as to constitute an immediate

hazard, but may then proceed". Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 lays down the rule relative to care required of drivers, in the relative position of Caskey, as they approach intersections. The court there held:

"Before entering and while crossing the heavily traveled, through street, it was Mrs. Ricketts' duty not only to look but to observe in a careful and intelligent manner the traffic and general situation at and in the vicinity of the intersection, including the speed and proximity of vehicles approaching from either direction."

In view of the evidence of the respective rights-of-way of the drivers; the unobstructed view of the defendant Caskey; and the latter's statement to the investigating patrolman at the scene, we are of the opinion the evidence was sufficient to raise issues of fact as to one or more of the alleged acts of negligence of the defendants, including failure to keep a proper lookout; failure to yield the right-of-way; and failure to apply brakes in sufficient time to avoid the collision. There was ample evidence to sustain the trial court's findings that Caskey was negligent and that such negligence was the proximate cause of plaintiff's injuries resulting from the collision. Clifton v. Koontz, 160 Tex. 82, 325 S.W.2d 684, 79 A.L.R.2d 774. (SW.L. 1). Triangle Truck Line, Inc. v. Kelley (Tex. Civ.App.), 344 S.W.2d 520.

The judgment of the trial court is affirmed.

## DISSENTING OPINION

NORTHCUTT, Justice.

I respectfully dissent.

Appellants present this appeal upon four points of error contending there is no evidence to support the court's implied finding of negligence on the part of defendant Joseph E. Caskey, Jr.; no evidence to support the court's implied finding that negli-

gence on the part of the defendant Caskey was a proximate cause of the collision; that the implied finding that Caskey was negligent was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and that the implied finding that negligence on the part of Caskey was a proximate cause of the collision was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

Since appellants had filed their plea of privilege in proper form and appellee had filed his controverting plea, it was necessary that appellee plead specifically and prove the facts relied upon to bring the case within the exception. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619. We think it is well settled that the burden rests on the plaintiff to prove negligence and proximate cause to maintain venue in Gray County where the suit was filed under Subdivision 9a of Article 1995. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605; Lynch v. Millican, Tex.Civ. App., 304 S.W.2d 410; Watkins v. Goolsby, Tex.Civ.App., 337 S.W.2d 363.

In considering the contention of no evidence, we must consider whether there is any evidence of probative value which with the inferences that may be properly drawn therefrom will reasonably support the findings of the court. This plea of privilege was submitted to the court without a jury. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616. As to the findings being so against the overwhelming weight and preponderance of the evidence as to be clearly wrong we must consider and weigh all of the evidence in the case. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The plaintiff's petition alleged a collision between an automobile driven by one McDonald in which plaintiff was riding as a passenger and a truck owned by the defendant Harber and driven by the defendant Caskey. It was alleged that the colli-

sion occurred at the intersection of Highway 66 and State Highway 273; that the McDonald vehicle was proceeding westerly on Highway 66 and defendant's truck was proceeding southerly on Highway 273 and that traffic on Highway 273 faced a properly erected stop sign. The acts of negligence charged to defendants embraced a claimed deficiency in lookout; a claimed failure to apply brakes; a claimed failure to yield the right-of-way; and a claimed entry into the intersection in violation of the statute.

Only two witnesses testified in this hearing; namely, R. C. Parker, a Texas Highway Patrolman, and appellee Switzer. Parker did not see the accident and testified from his investigation at the scene of the accident and what Caskey told him. Switzer testified he never saw the truck until just a split second before the collision. The undisputed evidence shows the following: the accident occurred on April 8, 1965, at approximately 5:30 o'clock in the afternoon. The weather was clear. The accident occurred at the intersection of Highway 66 and State Highway 273, which was thirty feet west of the city limits of McLean. Highway 66 at the point of the accident was a four-lane divided highway, two lanes for west bound traffic, and two lanes for east bound traffic. Highway 66 extends east and west. State Highway 273 extends north and south. Just prior to the accident appellee was travelling west on Highway 66 and appellants were travelling south on State Highway 273. Appellee was a passenger in an automobile owned and operated by Robert McDonald at the time of the collision.

The only evidence as to the action of Caskey, the driver of the truck, was produced when appellee's attorney questioned Mr. Parker as follows:

"Q. What, if anything, did Mr. Caskey tell you about the collision, and I specifically want to know what he stated, as near as you can remember, as to whether or not he saw the McDonald car?

"A. The best I recall, he told me that he pulled up to the stop sign and stopped and he let one car go by, one car travelling west; he was travelling south, and he pulled up and stopped and let a car go by, and then he pulled out in the intersection.

"Q. And did he or not say that he did not see the McDonald car?

"A. I believe he said he didn't see him."

There is no other evidence to establish negligence on the part of Caskey, the driver of the truck.

Mr. Parker testified there was a motel that was approximately four to five hundred feet to appellant's left, the direction from which appellee was approaching, that would block his view of an oncoming car and that appellant could not see a car travelling west until the car had passed the motel. There is no evidence to show that the McDonald car had passed the motel when appellants entered the intersection. The undisputed record shows that McDonald was driving his car in excess of the speed limit at all times pertinent to the facts of this hearing. The speed limit in the City of McLean was 30 m. p. h. There is no evidence as to width of Highway 66. The point of impact was located as thirty-one feet and four inches southwest of the northeast curb of the intersection. Parker gave as his estimate of the speed of the McDonald car at the time of the collision as being 80 m. p. h.

The occurrence of an accident or a collision is not of itself evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195; Davis v. Castile, Tex. Com.App., 257 S.W. 870; Phillips v. Citizens' Nat. Bank, Tex.Com.App., 15 S.W.2d 550.

Section 73 of Article 6701d, V.T.C.S., provides as follows:

"(a) The driver of a vehicle shall stop as required by this Act at the en-

trance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

"(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

The undisputed record in this case is that appellants stopped as required by Section 73, supra, and were proceeding across Highway 66 when the accident happened. There is no evidence to show where the McDonald car was or that it was in sight when appellants entered the intersection as to constitute an immediate hazard. The undisputed evidence shows Caskey was so far into the intersection at the time of the accident that he was entering into the east bound traffic lane and should have been observing traffic approaching from his right. It is also undisputed that appellants were in the intersection when the McDonald car was approaching the intersection and under Section 71 of Article 6701d the McDonald car had to yield the right-of-way to the appellants. We do not believe appellee has established by the evidence negligence and proximate cause as required under Section 9a of Article 1995, V.T.C.S.

I think the case should be reversed and judgment rendered sustaining appellants' plea of privilege.